## Dively, Appellant, *v.* Ohio Township.

4

Argued April 11, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Gilbert E. Morcroft,* for appellant.

*Thomas P. Geer,* Solicitor for Ohio Township, with him *Ryan, Geer & Bowser,* for appellee.

OPINION BY WOODSIDE, J., July 17, 1956:

The question here is whether the County Court of Allegheny County had jurisdiction of the appeal taken to it in this matter. We agree with its conclusion that it did not. The facts alleged in the petition to the county court for the allowance of an appeal to it from the board of supervisors of a second class township show the lack of jurisdiction.

The petition of Martin L. Dively, the appellant here, alleges that he held title to property in Ohio Township, Allegheny County in 1949 when the township had neither a building code nor a zoning ordinance. Prior to April 15, 1950 he erected on his land a building which, with the facilities therein, was de-

signed and intended to be used as part of a trailer camp. A septic tank was installed and connected to the proper underground sewers.

By a zoning ordinance adopted September 19, 1950 Dively's property was zoned farm and woodland district. The township adopted a plumbing ordinance known as Ordinance No. 5 on August 7, 1950.

On June 2, 1951 petitioner applied to the Department of Public Health, Division of Plumbing and House Drainage of the township for permission to put certain commodes, laundry tubs and wash sinks in the aforesaid building, which permit was issued and the installations and connections of the said equipment were completed.

Subsequently Dively applied for permission to install a sanitary sewer around the outside of the building to connect the above mentioned equipment and the said septic tank. No action was taken on this petition until March 9, 1955 when the township plumbing inspector refused it. Two days later the petitioner appealed the inspector's decision to the board of supervisors, who allegedly without hearing, sustained the action of the inspector.

The reasons given by the board for refusing the permit were as follows:

"(a) The existing septic tank, for health reasons, is not constructed to accommodate its present use and the additional forty (40) house trailers which Mr. Dively told the Plumbing Inspector that he contemplates; (b) The septic tank does not meet State specifications for such accommodation; (c) The number of outlet units requested are in excess of the number of Terms of the Zoning Ordinance. (Art. 2, definition of dwelling); (d) There were no plans presented to the Plumbing Inspector showing the exact layout intended by the applicant. This is required by Section 1 of

Ordinance No. 5; (e) As you mentioned in your Appeal (notice is addressed to Gilbert E. Morcroft, Attorney for Petitioner) Mr. Dively was granted a permit for connection of the septice tank to the existing building, which connection has been accomplished. The application for this connection did not allege the use to be for a trailer camp. If a nonconforming use did exist, its intended use has been accomplished. However, the application aforementioned did not allege a previous existing nonconforming use."

The appellant alleged that the refusal to grant the permit was arbitrary, capricious and an abuse of discretion and otherwise not in accord with law. He thereupon petitioned the County Court of Allegheny County for permission to file an appeal to it.

The board of supervisors moved to dismiss the appeal from it to the county court for want of jurisdiction. The county court held that it was without jurisdiction of the subject matter and dismissed the appeal without prejudice to such rights as appellant may have in other areas.

President Judge LENCHER correctly stated in his opinion as follows: "It is conceded that our court is a court of limited jurisdiction, that the legislature has not expressly conferred upon us in any form jurisdiction in appeals from township supervisors. By express grant we have exclusive jurisdiction within the territorial limits of the fifth judicial district for Pennsylvania—Allegheny County—'in all cases of appeal from zoning boards or commissions or boards of adjustment or boards of appeals under the various zoning laws of townships where appeals under the various zoning laws of townships where appeals to courts of common pleas are now provided for by law.' 17 Purdon, Courts, 626, Subsec. (k), page 88 of the 1955 Pocket

Part, Act of December 22, 1951, P. L. 1718, Sec. 1. This provision does not give us any jurisdiction in equity; zoning being statutory is exclusively a matter of law and not equity, our zoning jurisdiction is limited to the provisions of the applicable zoning statutes and ordinances. Mazeika v. American Oil Co., Adv. Rep. December 23, 1955, 383 Pa. 191."

The jurisdiction of the County Court of Allegheny County is limited by the terms of the statutes conferring jurisdiction upon it. Court decisions have held the jurisdiction strictly within the language of the statutes. See *Kemnitzer v. Kemnitzer*, 335 Pa. 105, 110, 6 A. 2d 571 (1939); *Donatelli v. Carino*, 179 Pa. Superior Ct. 39, affirmed in 384 Pa. 582, 122 A. 2d 36 (1956).

It is to be noted that of the reasons given by the board of supervisors in sustaining the plumbing inspector two dealt with alleged violations of the zoning ordinance, and three dealt with matters not connected with zoning. As to the zoning questions the statute indicates an appeal to the board of adjustment and thence to the county court. See The Second Class Township Code of July 10, 1947, P. L. 1481, 53 PS §19093-2007; and the Act of December 22, 1951, P. L. 1718, supra. As to the other questions an action of mandamus in the court of common pleas would seem to be the proper procedure. But it should not be necessary for this matter to be litigated in two different courts by two different procedures. Requiring a property owner to do this would be an absurd result not intended by the legislature and not conducive to good judicial practice. The court of common pleas has more extensive jurisdiction than the county court. We are of the opinion that the question here raised is one for determination by the Court of Common Pleas of Allegheny County.

8

The court below properly entered its order: "Without prejudice to such rights as this appellant may have in other areas and branches of the law."

The question of what action should be taken is not before us and it is not in our province to advise on this subject. We might note, however, that lower courts have entertained mandamus actions, and the Supreme Court has approved them, in situations somewhat similar to this case: *Rothey Bros., Inc. v. Elizabeth Township*, 381 Pa. 30, 112 A. 2d 87 (1955); *Aberman, Inc. v. New Kensington*, 377 Pa. 520, 105 A. 2d 586 (1954); *Coyne v. Prichard*, 272 Pa. 424, 116 A. 315 (1922); *Otto Milk Co. v. Rose*, 375 Pa. 18, 99 A. 2d 467 (1953). See also *Kline v. Harrisburg*, 362 Pa. 438, 439, 68 A. 2d 182 (1949). In the recent case of *Lewis v. Emmott*, 385 Pa. 336, 122 A. 2d 727 (1956), the Supreme Court held mandamus was not the proper remedy but then the question involved zoning only.

Judgments affirmed.