## Dively v. Tanner, Appellant.

Argued April 13, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Thomas P. Geer,* Solicitor for Ohio Township, with him *Ryan, Geer and Bowser,* for appellant.

*Gilbert E. Morcroft,* for appellee.

OPINION BY WOODSIDE, J., June 10, 1959:

This is an action in mandamus to compel a township building inspector to issue a plumbing permit. The Court of Common Pleas of Allegheny County directed the writ to issue and the inspector appealed to this Court.

The appeal should have been taken to the Supreme Court. Act of June 8, 1893, P. L. 345, §29, 12 PS §1975. When this was called to the attention of the township solicitor during the argument, counsel for both parties requested that we hear and dispose of the matter. They subsequently filed a written stipulation indicating their desire to have the matter disposed of under section 7 of the Act of June 24, 1895, P. L. 212, 17 PS §181 and §189, which provides that the Superior Court "shall have exclusive and final appellate jurisdiction of" . . . "Any case whatever, civil or criminal, at law or in equity or in the orphans' court, except felonious homicide, in which the parties or their attorneys file a stipulation in the proper court below at any stage of the proceedings agreeing that the case may be heard and decided by the superior court, although the case would otherwise have been appealable directly to the supreme court."

We are of the opinion that by virtue of the above statutory provision and the stipulation filed in this case, we have statutory permission to take jurisdiction.

The plaintiff, Martin N. Dively, acquired title to a tract of land in Ohio Township, Allegheny County, Pennsylvania, prior to 1948. Between November 1949 and April 30, 1950, the plaintiff erected upon his land a building containing toilets, showers, and laundry tubs to be used as a trailer camp wash room and toilet room. Sewers, septic tank, all underground plumbing and all plumbing inside the building was completed except the finished plumbing fixtures. Electric installations were completed on the premises both inside the building and on numerous poles for attachment to trailers. At this time the township had no building code, no plumbing code and no zoning ordinance.

Thereafter, on August 7, 1950, the township passed a plumbing ordinance, and on September 19, 1950, it passed a zoning ordinance. The plaintiff's premises were zoned as "farm and woodland district."

In June 1951, the plaintiff, through his plumber, applied to the township plumbing inspector for permission to install commodes, tubs and sinks in the building, setting forth that the building was to be used in connection with a trailer camp. This was granted and the installations made.

In addition to the above facts the chancellor found the following: "In August or September, 1952, plaintiff, having found that an outside sewer connection for each trailer was necessary as the newer trailers had toilet facilities, orally requested William A. Klug, the Township's plumbing inspector at that time, to issue to him a permit to install plumbing lines to connect the septic tank then in place with the individual trailer commodes and sinks. The plumbing inspector refused to give plaintiff an application for such permit on the ground that the zoning ordinance (enacted September 19, 1950) did not permit a trailer camp.

"On January 1, 1954, George C. Nickel was appointed plumbing inspector of the Township and plaintiff again requested the issuance of the permit as previously set forth. The permit was refused on the ground that the zoning ordinance did not permit its issuance.

"On or about January 1, 1955, Herbert Tanner, the defendant, was appointed plumbing inspector of the Township of Ohio, and on March 3, and March 6, 1955, plaintiff again requested the issuance of a permit, as hereinbefore set forth.

"On March 9, 1955, the defendant refused to issue the permit requested by plaintiff, on the basis that the zoning ordinance prohibited its issuance. At the hearing before this Court the defendant testified that he refused such permit on the following two grounds: (a) because the zoning ordinance required a half acre of land for each trailer; and (b) he interpreted Sections 1 and 30 of the Township Plumbing Code as requiring an individual septic tank with each trailer.

"On March 11, 1955, plaintiff duly appealed the refusal to grant the requested permit to the Board of Commissioners of the Township of Ohio, as required by the Plumbing Code.

"Said Board of Commissioners, without holding a hearing on the appeal, and without giving plaintiff or his counsel the opportunity to appear and be heard, disposed of the plaintiff's appeal, ex parte, by affirming the action of the plumbing inspector of April 20, 1955."

Dively thereupon appealed to the County Court of Allegheny County which held that it had no jurisdiction of the case. Upon appeal, we affirmed that court. *Dively v. Ohio Township*, 182 Pa. Superior Ct. 3, 124 A. 2d 690 (1956). Dively then brought this action.

Dively spent approximately $4500 in addition to his own labor in an effort to establish a legitimate

business. At the time he did this, he had no reason to believe that his efforts would be thwarted by future township legislation and arbitrary enforcement thereof by the township officials.

The township officials have prevented Dively from carrying on his business, first by denying him an *application* for a plumbing permit, then by denying him the permit, giving different excuses as reasons therefore, then by ex parte disposition of his appeal to the commissioners, and by various other means. Having thus prevented him from carrying on the business, they now use his failure to carry it on as the reason why he should not hereafter be permitted to carry on that business.

Apparently the chancellor doubted that the township was acting in good faith toward the appellee, as one of her findings was as follows:

"George C. Nickel testified at the hearing of this case that in the year 1954 he was willing to grant plaintiff the requested permit if plaintiff would comply with the plumbing code of the Township whereupon plaintiff, through his counsel, offered to withdraw this suit and to comply 100% with the Township of Ohio's requirements on sewers if the permit was issued, but plaintiff's offer was refused by defendant without explanation."

We have examined the numerous legal positions taken by the township and conclude that they have no merit. Judge SOFFEL gave this case fair and careful consideration. We are satisfied that her decree is just and in accordance with the law.

Decree affirmed.