Penn Township *v.* Fratto, Appellant.

Argued March 13, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

488  reargument refused
August 5, 1968.

*William C. Robinson*, with him *Henninger & Robinson*, for appellants.

*Carmen V. Marinaro*, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1968:

This is an appeal from a final decree entered below enjoining the use as a small, commercial golf course of property located in Penn Township, Butler County,[1] of which the appellants are the equitable owners. It is conceded that the property is in a "One-Family Residence District" and that the use of property for a golf course is not permitted in such a district under the provisions of the township zoning ordinance. It is maintained, however, that because of appellant's large investment of money and personal labor in the purchase of the land and in the construction of the enterprise, the property enjoys the status and protection of a nonconforming use.

These, in brief, are the pertinent facts found by the chancellor after extended hearings and subsequently affirmed by the court en banc.

The enactment of a zoning ordinance in Penn Township was considered by township officials for at least three years prior to August 1962. Between 1960 and

_____

[1] The property is principally located in Penn Township, but a portion thereof is in Butler Township.

August 1962, a total of twelve public meetings were held at which this topic was discussed. Maps and questionnaires were mailed to each township taxpayer. In January 1962, the township planning commission filed a "final" report with the supervisors recommending the adoption of a proposed zoning ordinance.[2] On June 28, July 5 and July 12, 1962, notice was given in the local newspaper and legal journal that the township supervisors would hold a meeting on July 17, 1962, to consider the proposed ordinance and that a copy thereof would be available for study and inspection in the township building each day except Sunday between the hours of 7 and 9 p.m. from July 2 to July 13, 1962. On these dates and hours, members of the township's planning commission and supervisors were in the township building to explain the ordinance to anyone interested. On July 14, 1962, the relator who later negotiated the sale of the property involved to the appellants discussed its zoning classification and the permissibility of establishing and operating a golf course thereon with a township official. On August 1, 1962, notice was given in the local newspaper and legal journal that the ordinance would be adopted by the supervisors at a meeting to be held on August 13, 1962, and that a copy of the ordinance would again be available for public inspection at the township building between August 6 and August 13, 1962. This meeting was held as advertised and the ordinance was duly adopted on August 13, 1962, to be effective ten days later. Adoption of the ordinance was advertised in the local newspaper and legal journal on August 15, 1962.

---

[2] Although there were "six or a dozen changes in wording in sections of the ordinance" as proposed by the commission before it was subsequently enacted by the supervisors, there is no suggestion or indication in the record that these changes effected in any way the zoning classification or the permitted uses in the area in which appellants' property is located.

On July 27, 1962, appellants entered into a written agreement to purchase the property involved for $12,-928. Two thousand dollars in cash was paid on the date the contract was signed. It was agreed that the balance would be paid in monthly installments of $66, beginning August 1, 1962, and that a deed in fee simple would be delivered when the entire consideration was paid. The property consists of approximately 16 acres of vacant land. The agreement contains a provision that if there was in existence an ordinance of the township prohibiting or preventing "the installing and operating" of a golf course and a frame club house on the land, the contract would be null and void and all moneys paid thereunder returned to the purchasers.

Shortly after the execution of the contract, appellants caused equipment and building supplies to be moved on the land for the purpose of constructing a golf course and club house. On August 14, 1962, the township supervisors sent a notice by registered mail to the appellants directing them to cease and desist from using the land in violation of the ordinance. On August 23, 1962, an official of the township inspected the property and found that "light excavation" and partial construction of a building foundation had already ensued. A second "cease and desist" order was subsequently mailed to appellants. Construction of the course persisted and was completed at a cost of several thousand dollars. This action was filed on October 5, 1962.

The issue in controversy is squarely controlled by our recent decision in *Penn Township v. Yecko Brothers*, 420 Pa. 386, 217 A. 2d 171 (1966),[3] and what was

---

[3] In *Yecko*, on facts similar to those in the instant case, the lower court held that the property involved was entitled to protection as a nonconforming use. We unanimously reversed this

said therein need not be repeated here. Suffice it to say that not only have the appellants failed to demonstrate that they acted in good faith in proceeding with their commercial project in the face of the zoning regulations that were in the process of enactment by the township supervisors, but also the record demonstrates beyond any doubt that they were guilty of "racing" in an effort to acquire their property and construct a golf course thereon before the ordinance was finally adopted.

In view of the above conclusion, we need not reach or decide whether the ordinance involved was "pending" even before the appellants purchased the property and, if so, whether it has binding effect under the circumstances. See generally *A.N. "AB" Young Co. Zoning Case,* 360 Pa. 429, 61 A. 2d 839 (1948), and *A. J. Aberman, Inc. v. New Kensington,* 377 Pa. 520, 105 A. 2d 586 (1954).

Decree affirmed. Each party to pay own costs.

Mr. Justice MUSMANNO dissents.

---

ruling. The present case was tried while the appeal in *Yecko* was still pending and appellants herein relied heavily at trial on the lower court's decision in *Yecko*.