Township of Ohio *v*. Builders Enterprises, Inc.

Argued February 16, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

*Michael J. Boyle*, with him *Meyer, Unkovic & Scott*, for appellant.

*Gilbert E. Morcroft*, for appellee.

OPINION BY JUDGE MENCER, April 23, 1971:

In *Dively v. Tanner*, 189 Pa. Superior Ct. 635, 151 A. 2d 665 (1959), it was decided that the court below

properly directed a township building inspector to issue a plumbing permit. Dively was the owner of approximately forty acres of land in Ohio Township, Allegheny County, and was using approximately five acres of this land for the operation of a house-trailer camp. In December, 1967, Builders Enterprises, Inc. (Builders) acquired Dively's forty acres of land and subsequently made application for a zoning certificate for a nonconforming use so that it might expand the house-trailer camp over the remaining thirty-five acres of land purchased from Dively. The zoning inspector refused the nonconforming use certificate as to all but the approximately five acres of the property in current use as a trailer camp. On appeal the Zoning Hearing Board of Ohio Township affirmed the zoning inspector's decision and Builders then appealed to the Court of Common Pleas of Allegheny County. That court reversed the Zoning Hearing Board and ordered the necessary permits to be granted. Its decision was based on the belief that *Dively v. Tanner, supra,* decided that a nonconforming use existed as to the entire forty-acre tract and was *res judicata* on this issue. We find the lower court to be in error in this regard and must therefore reverse.

Under the doctrine of *res judicata,* a judgment is conclusive as between the parties and their privies in respect to every fact which could properly have been considered in reaching the determination and in respect to all points of law relating directly to the cause of action and affecting the subject matter before the court. *Wallace's Estate,* 316 Pa. 148, 174 A. 397 (1934). As stated in *Cameron Bank v. Aleppo Twp.,* 338 Pa. 300, 304, 13 A. 2d 40, 41 (1940) : "To constitute res judicata there must be: (1) Identity in the thing sued for: (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made." *Stevenson v. Silverman,* 417 Pa. 187, 208 A. 2d 786,

cert. den. 86 S. Ct. 76, 382 U.S. 833, 15 L. Ed. 2d 76 (1965). The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Callery v. Blythe Township Municipal Authority*, 432 Pa. 307, 243 A. 2d 385 (1968).

From these criteria it must be concluded that the rule of *res judicata* is entirely irrelevant here. When the causes of action in the first and second actions are distinct, or, even though related, are not so closely related that matters essential to recovery in the second action have been determined in the first action, the doctrine of *res judicata* does not apply. Likewise, before the doctrine may be applied, there must be an identity of the persons or parties and an identity of quality in the persons for or against whom the claim is made. *Helmig v. Rockwell Mfg. Co.*, 389 Pa. 21, 131 A. 2d 622 (1957), cert. den. 78 S. Ct. 46, 355 U.S. 832, 2 L. Ed. 2d 44, reh. den. 78 S. Ct. 146, 355 U.S. 885, 2 L. Ed. 2d 115; *Melcher v. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company*, 389 Pa. 125, 132 A. 2d 190 (1957).

In *Dively v. Tanner, supra,* an action was brought in mandamus to require Herbert Tanner, as township plumbing inspector, to issue a plumbing permit with respect to one building located on the five acres being used as a trailer camp. The court was confronted with the question of whether Dively had established a nonconforming use as to the five-acre plot prior to the enactment of the applicable zoning ordinance. The parties did not litigate, nor was it necessary for the court to determine, whether a nonconforming use existed as to the entire forty-acre tract.

As was noted in *Haefele v. Davis*, 399 Pa. 504, 508, 160 A. 2d 711, 713 (1960), the Court citing *Wright v. Weber*, 17 Pa. Superior Ct. 451, 457 (1901): " ' ... The

conclusive effect of a judicial decision cannot be extended by argument or implication to matters not actually heard and determined, nor to collateral questions which arise but do not become part of the case. . . .'
' ". . . [A] former judgment is not conclusive of anything which was not directly decided by it, or was not material to the decision. Before such effect can be given to it in another suit, it should appear either from the record, or aliunde, that it must have rested on the precise question which it is sought again to agitate. . . ." ' "

· Judge SOFFEL, in her opinion, supporting her order which was affirmed in *Dively*, stated that "the trailer camp was completed—with the exception of certain plumbing". This, when coupled with her thirteenth finding of fact which reads as follows: "In June of 1953, the plaintiff contracted for the preparation of a plan of residential lots *on part of the same tract* involved for use as a trailer camp" (emphasis supplied), clearly establishes that Judge SOFFEL did not determine the entire forty-acre tract as a nonconforming use but rather that only "part of the same tract [was] involved for use as a trailer camp".

Accordingly, we hold that it was error for the lower court to have ruled that *Dively v. Tanner, supra,* was in fact *res judicata* as to whether the entire forty-acre tract here involved was a nonconforming use for trailer camp purposes.

Under the zoning ordinance passed by Ohio Township, as amended, the forty-acre tract owned by Builders was classified into two districts, one being R-2 residential and the other R-4 medium density. The five-acre part of Builders' property being used as a trailer camp is within the R-4 district. A mobile home park is an accessory use in the R-4 district but not one of the permitted uses in the R-2 district. Therefore, it would be necessary, under the provisions of the ordinance, for

Builders, before it could use its entire premises for a trailer camp, to secure a special exception for that portion of the property lying within the R-4 area and a variance for that portion lying within the R-2 area. The lower court having concluded that the entire forty acres had been determined to be a nonconforming use by the decision of *Dively v. Tanner, supra,* ruled that under Article IX, Section 5 of the amending zoning ordinance, enacted May 15, 1968, the zoning inspector had the duty to issue a certificate for a lawful nonconforming use. Since *Dively v. Tanner, supra,* did not make such a determination as to the entire forty-acre tract, the lower court erred in ordering the issuance of a zoning certificate. Builders must seek a variance for the expansion of its nonconforming use within the R-2 area and a special exception as to that part of its property within the R-4 area. See *William Chersky Joint Enterprises v. Board of Adjustment,* 426 Pa. 33, 231 A. 2d 757 (1967) ; *Walter v. Philadelphia Zoning Board of Adjustment,* 437 Pa. 277, 263 A. 2d 123 (1970). Variances or special exceptions are permissions issued as a result of a zoning proceeding and in the instant case Builders must seek such permissions for an expansion of its nonconforming trailer camp.

The lower court held a hearing and received additional testimony and therefore the test is whether the court abused its discretion or committed an error of law. *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d 280 (1958). We find, for the reasons set forth herein, that the lower court was in error in directing that the certificates of lawful nonconforming use be granted to Builders.

Order reversed.

———

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent. Once again we have presented to the court a request of a nonconforming use prop-

erty owner to "expand" the use onto his property. Unlike the fact situation in the case of *Schiller-Pfeiffer, Inc. v. Upper Southampton Township Board of Adjustment,* 1 Comm. Ct. 588, 276 A. 2d 334 (1971), the property owner here purchased his property *after* the amendment to the zoning ordinance. It is also different from the *Schiller-Pfeiffer* fact situation in that here the lower court made a finding of fact that the owner of this realty, who had used the property as a trailer court (which thereafter became a nonconforming use), *intended* to use the entire 40 acres for trailer court usage *prior* to the zoning ordinance amendment.

In order for the majority to reverse the court below, it is necessary for the majority to find that the lower court abused its discretion in making the determination that the clear intent of the former owner was to use the entire 40 acres for trailer court purposes. *Richman v. Philadelphia Z. B. A.,* 391 Pa. 254, 137 A. 2d 280 (1958); *Gage Zoning Case,* 402 Pa. 244, 167 A. 2d 292 (1961). The majority did not hold that the lower court had abused its discretion in making that finding of the former owner's intent. Instead the majority has hung its hat on its holding that the lower court was in error in ruling that the case of *Dively v. Tanner,* 189 Pa. Super. 635, 151 A. 2d 665 (1959) was *res judicata* concerning the nonconforming use of the entire 40-acre plot.

Assuming the majority is correct that *Dively v. Tanner, supra,* is not controlling, it is my opinion that that holding standing alone should not control the outcome of this case concerning the application of the appellee to fully use his nonconforming use.

The lower court having found that the former owner clearly intended to use the entire 40 acres for trailer court accommodation, this is not an expansion of nonconforming case at all. So long as the nonconforming use has not been abandoned or discontinued, the rights

of the owner and subsequent owners to continue the nonconforming use run with the land. *Eitnier v. Kreitz Corporation,* 404 Pa. 406, 172 A. 2d 320 (1961), *Appeal of Indianhead, Inc.,* 414 Pa. 46, 198 A. 2d 522 (1964).

I find nothing in the record of this case which would indicate that the lower court abused its discretion in finding that the former owner, who created the trailer court usage prior to the zoning ordinance in question, clearly intended to use the entire tract for the accommodation of trailers.

The Pennsylvania Supreme Court in the case of *Haller Baking Company's Appeal,* 295 Pa. 257, 262, 145 A. 77, 79 (1928) stated: "The court below, in determining whether there was an existing use, also failed to take into consideration two important elements: first, the intent of the owner in relation thereto, and, second, how far later words in the section, 'if such use is discontinued,' modify the 'actual' or 'substantial' use as held to be necessary by the court below. It is manifest that Section 18 of the ordinance, as well as the Act of Assembly on which the ordinance was grounded, intended to protect the existing uses, even though not permitted under a district classification. The use for which the property is adapted need not be in actual operation at the time of the adoption of the ordinance, if the attending circumstances connected with the property bear out the conclusion that the owner intended to use the property for that purpose. Thus, where an owner temporarily fails to have a tenant in his storeroom the day such ordinance is passed, though his tenant has left but a short time before, and he is expecting or endeavoring to procure a new one, such circumstance would not deprive him, under the zoning ordinance, of the right to continue the use of the property for which it was adapted merely because at the date of the ordinance it is not in *actual use,* although it is in potential use. It had use before, intent to continue, and an effort

made to effectuate the purpose. Where a property is built for or adapted to a particular use, the question of existing use is determined by ascertaining as near as possible the intention of the owner, in connection with the fact of a discontinuance or apparent abandonment of use; it is not to be determined on the basis of actual or substantial use on the date of the adoption of the ordinance." (Emphasis added.) The court further said at 261: ". . . 'existing use' should mean the utilization of the premises so that they may be known in the neighborhood as being employed for a given purpose, i.e., the conduct of a business." Although the *Haller* case involved a question on the discontinuance or abandonment of a usage at the time the ordinance was passed, the intent of the language of the court makes it clear to this writer that *the intent* of the owner at the time the zoning ordinance is passed or amended (thereby making the property use nonconforming) is an important finding of fact which can determine whether or not the use certificate requested may be granted. I take note that the Supreme Court in the case of *Cook v. Bensalem Township Zoning Board of Adjustment,* 413 Pa. 175, 196 A. 2d 327 (1964) stated that the court cannot guess at the intention of a property owner. The ruling of the court in *Cook* is not controlling in this case, because the lower court here found that the clear intent of the owner at the time the zoning ordinance was passed was to use the entire tract for trailer court purposes.

The majority, in effect, is putting all property owners in Pennsylvania on notice that they should go out to the four corners of their land and make some overt and patent use of their land so as to protect the intended usage then permitted to continue after the local municipal legislative body changes the permitted usage through a zoning ordinance or an amendment thereto.

In this case, if the prior owner had only had the foresight and finances to erect telephone poles or perhaps bulldoze some roads through his property prior to the 1950 zoning enactment, this appellee clearly could have utilized the entire 40 acres of land for trailer court purposes. The record shows that the former owner did not have the finances to carry out his intent to further develop the tract beyond the five acres he developed. The majority holds that the appellee is prohibited from using this land for the intended purpose because of the impecunious position of the former owner. This seems to me to be an unjust result, as well as being contrary to the law of the cases.

For these reasons, I would affirm the result of the court below.

Judge MANDERINO joins in this dissent.