Robert H. Hodge and Elizabeth W. Hodge, his wife, Appellants, v. The Zoning Hearing Board of West Bradford Township, Appellee.

312

Argued October 3, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and BLATT. Judge ROGERS did not participate.

*William H. Mitman*, for appellants.

*Ronald M. Agulnick*, with him *Agulnick & Talierco Assoc.*, for appellee.

OPINION BY JUDGE BLATT, November 29, 1973:

Robert H. and Elizabeth W. Hodge are the owners of a large tract of land located in West Bradford Township (Township). The property is bisected by the Thorndale-Marshallton Road, with approximately 137 acres lying on the east side of the road and approximately 188 acres on the west side of the road. Since acquiring the land in 1957, the Hodges have used it primarily as a commercial orchard, but beginning in 1966, they also began installing mobile homes, eventually establishing a mobile home park known as "Appleville," which included mobile homes located on both sides of the Thorndale-Marshallton Road.

When the Hodges first began placing mobile homes in Appleville, the Township had no zoning ordinance, but a comprehensive plan was adopted on August 12, 1969, and, on April 14, 1970, following public hearings, a zoning ordinance was also adopted (to be effective April 19, 1970). This ordinance permitted mobile home parks in commercial districts only, and then by special exception. The Hodges' land was zoned partially residential and partially commercial, with part of Appleville being within a residential district. On March 9, 1971, the Township's zoning map was amended so as to include all of Appleville in a commercial district, with the establishment of commercial districts of approximately 20 acres on each side of the road.

Subsequent to the enactment of the April 14, 1970 ordinance, the Hodges sought a special exception from the Zoning Hearing Board (Board) for Appleville. The Board granted an exception, finding that there were then five mobile homes on the west side of the road, all conforming with the ordinance, and fifty-four homes on the east side of the road, some conforming and some nonconforming. On appeal to the Court of Common Pleas of Chester County (No. 60, February Term, 1971), the Board's decision was affirmed, and no appeal was ever taken from that order.

On December 5, 1970, the Hodges filed an application with the Township Zoning Officer for permission to install 300 mobile homes on the west side of the Thorndale-Marshallton Road. The application was refused on the same day on the grounds that it did not conform to the zoning ordinance. The Hodges then appealed to the Board, numerous hearings were held between December 29, 1970 and August 19, 1971, and on October 2, 1971, the Board rejected the application, finding that the proposed additional mobile homes would be placed largely in a residential district where mobile home parks were not permitted. It also found

that, despite the Hodges' contentions to the contrary, this proposal did not constitute the expansion of a nonconforming use. The Board held that the park on the west side of the road, where the additional mobile homes were to be placed, was a conforming use, and that, since March 14, 1971, so was the entire park on the east side of the road. Additionally, the Board found that the Hodges had made no substantial outlay of funds on the proposed additional spaces prior to the effective date of the zoning ordinance. The Court of Common Pleas of Chester County, without taking any additional testimony, affirmed the Board's order.

Our scope of review where, as here, the court below took no additional evidence, is limited to a determination of whether or not the Board abused its discretion or committed an error of law. *Philadelphia v. Earl Scheib Realty Corp.*, 8 Pa. Commonwealth Ct. 11, 301 A. 2d 423 (1973). The Hodges have raised a number of questions concerning the action of the Board as well as the validity of the Township's zoning ordinance, and we will attempt to deal with each of these questions individually.

PROCEDURAL IRREGULARITIES

The Hodges have challenged the validity of both the Township's comprehensive plan and its zoning ordinance because of alleged procedural irregularities in their adoption. We must note, however, that this challenge was raised before the Board rather than in an action brought before the Court of Common Pleas within 30 days of the adoption of the ordinance, and it was, therefore, not properly raised. *Gerstley v. Cheltenham Township Commissioners*, 7 Pa. Commonwealth Ct. 409, 299 A. 2d 657 (1973); *Linda Development Corp. v. Plymouth Township*, 3 Pa. Commonwealth Ct. 334, 281 A. 2d 784 (1971). Our Supreme Court has stated, in *Roeder v. Hatfield Borough Council*, 439 Pa. 241, 246,

266 A. 2d 691, 694 (1970): "As to testing defects in the process of enactment of an ordinance by a borough, the MPC, §915,[1] states that these issues may be raised in a proceeding before the Board only within 30 days of the effective date of the ordinance. Even though the MPC thus creates a statute of limitations, it does not create a formal procedure by which such questions may be raised. As §910 explicitly states that the Board has no power to pass on the validity of an ordinance and as such questions will rarely involve issues within the special competence of the Board, issues concerning the process of enactment should be brought before the court of common pleas (formerly the Court of Quarter Sessions) within 30 days of the date of enactment pursuant to §1010 of The Borough Code." The proper procedure here would have been for the Hodges to bring an action, pursuant to Section 702 of The Second Class Township Code, Act of May 1, 1933, P. L. 103, 53 P.S. §65741, in the Court of Common Pleas within 30 days of the effective date of the ordinance. Since they did not do so this matter is not properly before us and it need not be considered.

### EXPANSION OF A NONCONFORMING USE

The Hodges contend that they have established a mobile home park as a nonconforming use on their property and are entitled to expand that use by adding 300 mobile homes, and it is generally true that a nonconforming use includes the right of natural expansion so long as that expansion is reasonable and not detrimental to the welfare of the community. *Township of Lower Yoder v. Lester J. Weinzierl*, 2 Pa. Common-

---

[1] The provisions of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, 53 P.S. §10101 et seq., which are here applicable do not include those amendments added by the Act of Jun 1, 1972, P. L.      , No. 93.

wealth Ct. 289, 276 A. 2d 579 (1971). "Structures may be erected on open land previously devoted to a nonconforming use, as of right. However, the erection of structures upon land not previously so used, may only be accomplished by way of variance, the requisites of which are hardship to the owner and absence of detriment to the public interest." *Philadelphia v. Angelone*, 3 Pa. Commonwealth Ct. 119, 128, 280 A. 2d 672, 677 (1971).

The question in this case, however, is whether or not a nonconforming use actually did exist, or if in fact the original construction in Appleville constituted a use compatible with the terms of the zoning ordinance. It would be specious to contend that the doctrine of nonconforming use ensures one who engages in a permitted use in one zoning district the right to engage in the same use in an adjoining district where such use is prohibited. *Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board*, 5 Pa. Commonwealth Ct. 594, 290 A. 2d 719 (1972). Moreover, in determining whether or not a nonconforming use existed, "[o]nly physical evidence manifested in the most tangible and palpable form can bring about the application of nonconforming clauses in a zoning ordinance. Before a supposed nonconforming use may be protected, it must exist somewhere outside the property owner's mind." *Cook v. Bensalem Township Zoning Board of Adjustment*, 413 Pa. 175, 179, 196 A. 2d 327, 330 (1964).

As found by the Board (and by the lower court in the unappealed decision at No. 60, February Term, 1971), and as supported by substantial evidence in the record, the Hodges' mobile home park on the west side of the road, where the planned expansion is to take place, was in conformance with the zoning ordinance as of the date of its enactment. On the east side of the road, where apparently no expansion is presently planned, part of the mobile home park was in conform-

ance as of the date of enactment of the ordinance and the entire park was in conformance following the amendment of the ordinance on March 14, 1971. It is true that some physical activities were begun on the proposed 300 sites prior to the enactment of the zoning ordinance, but these were hardly sufficient to establish that the additional area concerned was now subject to a nonconforming use. And, although there was planning for the 300 proposed sites, the money expended on facilities was minimal. In fact, much of the material that was purchased could be applied to conforming uses or to the existing mobile home park. If anything, the monies so expended for such activities seem to have been spent in a "race" to beat the effective date of the zoning ordinance, which is not a permissible action in establishing a nonconforming use. *Penn Township v. Fratto*, 430 Pa. 487, 244 A. 2d 39 (1968); *Penn Township v. Yecko Bros.*, 420 Pa. 386, 217 A. 2d 171 (1966). For similar reasons, there would be no basis for a finding that the Hodges had a vested right to use the area in question as a mobile home park. *See Clover Hill Farms, Inc. v. Lehigh Township*, 5 Pa. Commonwealth Ct. 239, 289 A. 2d 778 (1972); *Friendship Builders, Inc. v. West Brandywine Township Zoning Hearing Board*, 1 Pa. Commonwealth Ct. 25, 271 A. 2d 511 (1970).

We must agree with the Board and the lower court, therefore, that the Hodges had not established a mobile home park as a nonconforming use, and that, because their mobile home park does in fact conform to the dictates of the zoning ordinance, there is no right of expansion available to them now.

Because of this holding, therefore, we need not decide their challenge to the validity of Section 1000(b) of the Township zoning ordinance, which limits the expansion of a nonconforming use to 50%.

VALIDITY OF THE ZONING ORDINANCE

The Hodges have raised some challenges to the substantive validity of the zoning ordinance, at least as it applies to mobile home parks. It is clear that, in considering the validity of this ordinance, we must presume it to be valid and constitutional, the burden of proving otherwise being upon the Hodges. *See Schubach v. Silver*, 9 Pa. Commonwealth Ct. 152, 305 A. 2d 896 (1973).

They contend that it was improper to confine mobile home parks to commercial districts, and that such parks should be permitted in residential districts as well (individual mobile homes are permitted in residential districts). Such a restriction, however, has clearly been held to be valid[2] and we see no reason now to change that position. The nomenclature of the district to which a use is restricted is of no consequence where, as here, it clearly does not result in grouping such use with totally incompatible uses and thus rendering the districts concerned unusable for the proposed use. A mobile home park, unlike individual mobile homes, is often a commercial as well as a residential development, and it requires specifc regulations by the municipality. It is hardly improper or discriminatory to place reasonable restrictions on such a development, including placing it in other than purely residential districts. At any rate, this is a decision for the local legislative body to make and we cannot find that the Township here abused its discretion in so doing.

The Hodges also contend that this zoning ordinance constitutes a de facto exclusion of mobile home parks because only 2 1/2% of the Township is zoned for

---

[2] *Honey Brook Township v. Alenovitz*, 430 Pa. 614, 243 A. 2d 330 (1968) ; *Appeal of Abraham P. Groff from the Decision of Warwick Township Board of Adjustment*, 1 Pa. Commonwealth Ct. 439, 274 A. 2d 574 (1971).

commercial use and 1% to 1 1/2% of this amount is already developed.[3] It is true that a zoning ordinance which totally excludes legitimate uses or fails to provide for such uses anywhere within the municipality should be regarded with particular circumspection and in fact must bear a more substantial relationship to the public health, safety, morals and general welfare of the community than an ordinance which merely confines that use to a certain area in the municipality. *Girsh Appeal,* 437 Pa. 237, 263 A. 2d 395 (1970); *Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 228 A. 2d 169 (1967). It is also true that the presumption of the validity of a zoning ordinance can be overcome by establishing that such an ordinance does totally exclude a legitimate use from the community, and thereafter it is the responsibility of the municipality to establish the validity of the total ban. *Beaver Gasoline Company v. Osborne Borough,* 445 Pa. 571, 285 A. 2d 501 (1971). When, however, a challenger alleges that there is de facto exclusionary zoning, he carries the heavy burden of showing that, even though on its face an ordinance permits a specific use, the ordinance as applied effectively prohibits such use.

The facts in this case could in no way support such a finding. Not only does at least one mobile home park which is permitted by the ordinance (the Hodges') already exist, but there is still other undeveloped land in commercial (and industrial) districts in the Township which the Hodges have not established could not be used for mobile home parks. In fact, a zoning ordinance is not exclusionary merely because the areas zoned for mobile home parks are small and already

---

[3] It should be noted that mobile home parks are also permitted in industrial districts, because the zoning ordinances provide that all permissible uses in a commercial district are also permissible in an industrial district.

occupied by existing mobile home parks. *Groff Appeal, supra.* "The mere assertion that these areas are small hardly overcomes the presumption of constitutionality." *Honey Brook, supra,* 430 Pa. at 621, 243 A. 2d at 333.

Lastly, the Hodges contend that the purpose of the Township's zoning ordinance was to halt the natural development of Appleville. Although there evidently was a certain amount of hostility to the Hodges' mobile home park in the Township, we cannot find that the ordinance here constituted invalid special legislation, as was the case in *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township,* 1 Pa. Commonwealth Ct. 499, 275 A. 2d 896 (1971).

For the above reasons, therefore, we must affirm the order of the lower court.

---

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent for the same reasons I dissented in *Township of Ohio v. Builders Enterprises, Inc.,* 2 Pa. Commonwealth Ct. 39, 44, 276 A. 2d 556, 559 (1971). My reading of the applicable law permits me to conclude that where the record supports the property owner's contention that his *entire* property was patently intended to be used for the nonconforming use in *actual* use that he should not be required to prove an extension to his nonconforming use but rather only to prove the intended use at the time the Zoning Ordinance or its amendment was passed. This does not mean that the property owner's unannounced intention, or what may have been in the mind of the property owner is controlling, but rather what should be controlling is what the record shows was his patent intention. My reading of the record in this case leads me to believe that this property owner adequately showed his intention to use the entire property for mobile home park purposes; therefore, I would reverse the court below and direct the issuance of a permit.