**Randall J. SMITH t/a Smith Refrigeration Co. and David A. Smith t/a Smith's Motorcycle and Salvage Co.,**

**v.**

**SPRINGFIELD TOWNSHIP BOARD OF SUPERVISORS.**

**Appeal of Randall J. Smith and David A. Smith.**

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 2001.
Decided Dec. 14, 2001.

Lawrence A. Durkin, Scranton, for appellants.

Harold G. Caldwell, Troy, for appellee.

Before SMITH, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Randall J. Smith t/a Smith Refrigeration Company and David A. Smith t/a Smith's Motorcycle and Salvage Company (collectively, Appellants) appeal from the March 29, 2001 order of the Court of Common Pleas of Bradford County (trial court) that dismissed their appeal for lack of jurisdiction. For the reasons that follow, we vacate that order and remand the case to allow Appellants to amend their appeal into a declaratory judgment action.

On November 1, 1999, the Board of Supervisors of Springfield Township (Board) enacted Ordinance No.1999–0–1, with an effective date of November 6, 1999, to be cited as the Springfield Township Junkyard and Refuse Ordinance. On November 29, 1999, Appellants filed a "Notice of Appeal from Enactment of an Ordinance of Springfield Township, Bradford County, Pennsylvania" with the trial court.

Nothing further happened until July 19, 2000, when Appellants filed a petition for hearing therein requesting a hearing and, for the first time, setting forth in forty-one paragraphs the particulars of their challenges to the Ordinance. These challenges included numerous constitutional challenges and at least one procedural challenge.[1] Ultimately, Appellants sought to bar the Board from implementing and enforcing the Ordinance.

On August 4, 2000, the Board filed preliminary objections to Appellants' "appeal." The Board, *inter alia,* objected to both the form and timeliness of the appeal, requesting that the trial court strike Appellants' pleading for lack of conformity to the law.

The trial court dismissed the appeal for lack of jurisdiction, stating that a declaratory judgment action was the appropriate means to challenge a municipal ordinance. Specifically, it concluded that it was not an

---

1. Paragraph 41 provides as follows:
   41. The Ordinance as enacted has not been advertised, presented and considered in compliance with the requirements of the Pennsylvania Municipal Law for Second Class Townships, and is procedurally deficient.
   (R.R. 32a.)

appellate court under Sections 932 through 934 of the Judicial Code and that, accordingly, it did not have jurisdiction to hear Appellants' action, regardless of whether they should have filed an appeal or a petition for review. 42 Pa.C.S. §§ 932–934. Appellants' timely appeal to this Court followed.

■ The issue on appeal is whether the trial court erred in sustaining the Board's preliminary objections. Where a trial court has sustained preliminary objections, this Court is limited to determining whether findings are supported by competent evidence or an error of law has been committed. *Merrick Appeal,* 68 Pa. Cmwlth. 506, 449 A.2d 820 (1982).

Appellants argue that the trial court erred in holding that it did not have jurisdiction to hear an appeal concerning constitutional and procedural challenges to the enactment of a municipal ordinance. They assert that their notice of appeal was timely and consistent with the trial court's customary procedure.

Appellants point out that Section 1601(f) of The Second Class Township Code provides that "[a]ny person aggrieved by the adoption of any ordinance may make a complaint as to the legality of the ordinance to the court of common pleas." Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 66601(f). They allege that as business owners who are directly affected and unduly restricted by the terms of the Ordinance, they clearly fit in the category of "persons aggrieved."

Appellants reject the trial court's conclusion that a declaratory judgment action was the proper procedure for challenging the Ordinance, distinguishing the cases relied upon by the trial court in its opinion. For example, Appellants note that even though the Court in *Allegheny Ludlum Steel Corp. v. Pennsylvania Public Utility Commission,* 67 Pa.Cmwlth. 400, 447 A.2d 675 (1982), *aff'd,* 501 Pa. 71, 459 A.2d 1218

(1983), held that declaratory judgment was the proper procedure for determining whether a statute violated the constitutional rights of those whom it effected, the Court further stated that a court should refuse declaratory relief if the controversy at issue can be resolved by alternate means. Appellants argue that the alternate means in the present case is Section 1601(f) of the Second Class Township Code.

In addition, Appellants note the case of *Orwell Tp. Supervisors v. Jewett,* 132 Pa. Cmwlth. 30, 571 A.2d 1100 (1990), involving the identical trial court judge. In that case, this Court affirmed the trial court's decision that the junkyard ordinance at issue was invalid and unconstitutional due to indefinite and vague provisions in the ordinance. Appellants point out this case presumably for the proposition that the trial court obviously determined that it had jurisdiction over a party's "appeal" challenging the constitutionality of a municipal ordinance.

In response, the Board argues that the trial court properly sustained the preliminary objections on the basis that Appellants should have pursued a declaratory judgment action to challenge the procedure followed in enacting the Ordinance. The Board acknowledges that Section 1601 of the Second Class Township Code provides that any person aggrieved by the adoption of an ordinance may complain about it to the trial court. It further notes that Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5), provides that questions relating to an alleged defect in the process of enactment or adoption of an ordinance must be raised within thirty days from the effective date of the ordinance.

The Board points out, however, that because the conduct complained of in the present case is legislative in nature, it is

not an adjudication or determination appealable under Chapter 15 of the Pennsylvania Rules of Appellate Procedure.[2] Instead, it maintains that the proper remedy available to Appellants was a declaratory judgment action under Section 7533 of the Declaratory Judgments Act, 42 Pa.C.S. § 7533.

We note that the three statutory sections at issue, found in the Judicial Code, the Second Class Township Code and the Declaratory Judgments Act, respectively, provide as follows:

(5) *Ordinances, resolutions, maps, etc.*—Questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision shall be raised by *appeal* commenced within 30 days after the effective date of the ordinance, resolution, map or similar action.

42 Pa.C.S. § 5571(c)(5) (emphasis added).

(f) Any person aggrieved by the *adoption* of any ordinance may make *complaint* as to the legality of the ordinance to the court of common pleas.

53 P.S. § 66601(f) (emphasis added).

Any person ... whose rights, status, or other legal relations are affected by a ... municipal ordinance ... may have determined any question of construction or validity arising under the ... ordinance ... and obtain a declaration of rights, status, or other legal relations thereunder.

42 Pa.C.S. § 7533.

■ Courts in several cases have reiterated that defects in the process of enacting an ordinance are subject to Section 5571(c)(5) of the Judicial Code. *Cranberry Park Assocs. v. Cranberry Tp. Zoning Hearing Board,* 561 Pa. 456, 751 A.2d 165 (2000); *Commonwealth v. Creighton,* 163 Pa.Cmwlth. 68, 639 A.2d 1296 (1994); *Health Group Care Ctrs., Inc. v. City of Pittsburgh,* 122 Pa.Cmwlth. 384, 552 A.2d 323 (1988). The purpose of having courts consider questions concerning defects in the process of enactment of an ordinance "is to provide a fast and efficient method of questioning the procedure involved in the adoption of an ordinance." *Roeder v. Borough Council of Borough of Hatfield,* 439 Pa. 241, 246, 266 A.2d 691, 694 (1970).[3] The Supreme Court, citing prior case law, noted that it was desirable to litigate such matters while witnesses were available and their recollections fresh. Also, the Court observed that it would be undesirable to have ordinances, long recognized and accepted as the law, declared to be illegal years after their passage due to procedural defects.

On the other hand, the Court stated that "[i]t hardly seems reasonable that the legislature intended that ordinances be immune from constitutional or other challenge after 30 days." *Id.* Indeed, courts

---

**2.** Pa. R.A.P. 1501 sets forth the scope of Chapter 15 of the Pennsylvania Rules of Appellate Procedure. We note that Chapter 15 does not apply to appeals to courts of common pleas.

**3.** Since 1988, Section 909.1(a)(2) of the Pennsylvania Municipalities Planning Code (MPC) has provided that appeals raising defects in the process of enactment of ordinances should go to the zoning hearing board rather than the common pleas court. Act of July 31, 1968, P.L. 805, added by Section 87 of the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 10909.1(a)(2). Because, however, the ordinance at issue is a regulatory ordinance under the Second Class Township Code, Section 909.1(a)(2) of the MPC is inapplicable. (Pursuant to Section 1532 of the Second Class Township Code, 53 P.S. § 66532, entitled "Regulation of business," the board of supervisors may license and regulate, by ordinance, junk dealers and the establishment and maintenance of junk and scrap yards.)

have stated that substantive validity questions are not subject to the thirty-day appeal period. *Holsten v. West Goshen Tp.*, 56 Pa.Cmwlth. 283, 424 A.2d 997 (1981); *Hodge v. Zoning Hearing Board of West Bradford Tp.*, 11 Pa.Cmwlth. 311, 312 A.2d 813 (1973).

Accordingly, we conclude in the present case that there is no problem with Appellants' timeliness in challenging either procedure or substance. That brings us to the form of the action.

As we stated, Appellants initially filed a notice of appeal with the trial court. Months later, they filed a petition for hearing with the trial court challenging the ordinance on both substantive and procedural grounds. With regard to procedure, Section 1601 of the Second Class Township Code provides that any person aggrieved by the adoption of any ordinance may make complaint as to the legality of the ordinance to the trial court. The word "complaint," however, is not defined in the Second Class Township Code.[4]

Also with regard to procedure, Section 5571(c)(5) of the Judicial Code provides that questions regarding an alleged defect in the process of enactment or adoption of an ordinance shall be raised by "appeal." This Court noted in *Creighton* that "[n]either in [*Health Care Ctrs., Inc.*] nor [*Creighton* ], has anyone questioned the meaning of the statutory language requiring an 'appeal' from the enactment or adoption of an ordinance before there has been any adjudication of the ordinance." *Creighton*, 639 A.2d at 1298 n. 4.

Consequently, what we have here are two statutory provisions regarding the method by which one must challenge the procedure in enacting or adopting an ordinance. One provision provides for a complaint and the other provides for an appeal.

Section 1936 of the Statutory Construction Act of 1972 provides as follows with regard to irreconcilable statutes passed by different General Assemblies:

> Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail.

1 Pa.C.S. § 1936.

Here, the statute latest in enactment is the Second Class Township Code, which provides for complaints to challenge the adoption of ordinances. Given, however, the fact that the General Assembly failed to define complaint in the Second Class Township Code, this Court declines to usurp the role of the legislature and create a definition in the present case. Therefore, even though we conclude that Appellants should have used a complaint to challenge procedure, we decline to penalize them for the form of their action.

As for substance, Section 7533 of the Declaratory Judgments Act provides that certain persons affected by a municipal ordinance may obtain a declaration of rights, status or other legal relations thereunder. Certainly, litigants have successfully pursued declaratory judgment actions to challenge junkyard ordinances under the Second Class Township Code. *See, e.g., Klein v. Straban Tp.*, 705 A.2d 947 (Pa.Cmwlth.1998). This Court concludes that such would have been the correct method to challenge substance in the present case.

**4.** In pertinent part, Black's Law Dictionary defines complaint as follows:

    1. The initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief.
Black's Law Dictionary 279 (7th ed.1999).

Moreover, we note that Section 708(b) of the Judicial Code, entitled "Improvident administrative appeals and other matters," provides support for conversion of Appellants' appeal into a declaratory judgment action. 42 Pa.C.S. § 708(b). Accordingly, we vacate the trial court's order and remand this matter to allow Appellants to amend their appeal into a declaratory judgment action.

## *ORDER*

AND NOW, this 14th day of December, 2001, the March 29, 2001 order of the Court of Common Pleas of Bradford County is hereby vacated and this case is remanded to allow Appellants to amend their appeal into a declaratory judgment action.

Jurisdiction relinquished.