**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3998
_____

IN RE:  MOTION TO CONFIRM ARBITRATION AWARD

Peter J. Wirs,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-04072)
District Judge:  Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2020
Before:  SHWARTZ, RESTREPO, and GREENBERG, Circuit Judges

(Opinion filed: August 5, 2020)
_____

OPINION[*]
_____

PER CURIAM

Peter J. Wirs, proceeding pro se, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania denying his request for

confirmation of an arbitration award.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In September 2019, Wirs filed in the District Court a document captioned "Uncontested Motion to Confirm Arbitration Award and Application for Authorization for Attorney Fees for Receiver in Aid of Arbitration." In that 300-plus page document, Wirs sought to proceed on behalf of the Lincoln Charitable Trust (which he proports to control) and the Democratic National Committee (DNC) (which has disclaimed any connection to Wirs) in an effort to seek confirmation of an arbitration award allegedly entered against the Republican National Committee (RNC). Wirs himself served as the arbitrator and, as evidence of the arbitration award itself, he cited his own court filing in a Chapter 7 bankruptcy proceeding. The RNC filed a response, arguing, among other things, that the Rooker-Feldman doctrine and res judicata prohibited further review.

The District Court agreed, explaining that Wirs' "claims in this matter have been fully litigated in the Pennsylvania courts, as well as the District Court for the District of Columbia." The District Court further concluded that Wirs, who is not an attorney, lacked authorization to prosecute the matter on behalf of the Lincoln Charitable Trust and the DNC. Because Wirs had "exhibited an inability to abide by the decisions of both state and federal courts" and due to his "repeated failure to obtain counsel to litigate the purported interests of either the [DNC] or the Lincoln Charitable Trust," the District Court warned him that "further unauthorized filings may be met with sanctions." Wirs, proceeding pro se, timely appealed.[1]

---

[1] Wirs cannot proceed pro se in this appeal on behalf of the Lincoln Charitable Trust or the DNC. See Simbraw v. United States, 367 F.2d 373, 373-744 (3d Cir. 1966) (per

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision. See Gary v. Braddock Cemetery, 517 F.3d 195, 200 n.4 (3d Cir. 2008) ("Our review of a dismissal for lack of subject matter jurisdiction pursuant to Rooker–Feldman is plenary."); Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009) ("Our review of an application of res judicata is plenary.").

The District Court denied Wirs' motion to confirm the arbitration award because his claims were barred by the Rooker-Feldman doctrine and res judicata.[2] Wirs sought to confirm an arbitration award that the Pennsylvania state courts previously had determined was invalid. To the extent, if any, that Wirs sought to have the District Court conduct review of the earlier state court judgments entered against him, his claims are of the type that a federal court lacks jurisdiction to consider under the narrow Rooker-Feldman doctrine.[3] See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

---

curiam) (providing that a corporation may appear in federal courts only through licensed counsel); Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam) (stating that an individual proceeding pro se may not represent third parties in federal court).

[2] The District Court, relying on an overly broad reading of the Rooker-Feldman doctrine, assessed whether Wirs' federal claim was "inextricably intertwined" with the state court adjudication. But the proper standard, which we apply below, is not whether the plaintiff's claims are somehow "inextricably intertwined" with the state court's judgment, but whether the plaintiff, having lost in state court, is seeking review of a state court's judgment that injured him. See Malhan v. Sec'y United States Dep't of State, 938 F.3d 453, 460–61 (3d Cir. 2019).

[3] We note that in June 2017, Wirs filed in the United States District Court for the District of Columbia a motion to confirm the arbitration award, which was similar to the action

3

To the extent that Wirs' motion was not barred by the Rooker-Feldman doctrine, ,
the District Court properly held that his claims are barred under the doctrine of res
judicata. Res judicata bars claims that were actually litigated or could have been litigated
in a prior action. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).
State court decisions are given "the same preclusive effect in federal court they would be
given in the courts of the rendering state." Del. River Port Auth. v. Fraternal Order of
Police, Penn-Jersey Lodge 30, 290 F.3d 567, 573 (3d Cir. 2002). Therefore, in
determining whether Wirs' federal suit is barred, we look to the preclusion law of
Pennsylvania, which "bars a later action on all or part of the claim which was the subject
of the first action. Any final, valid judgment on the merits by a court of competent
jurisdiction precludes any future suit between the parties or their privies on the same
cause of action." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d
Cir. 2006) (quotation marks and citations omitted). "For the doctrine of res judicata to
prevail, Pennsylvania courts require that the two actions share the following four
conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and
parties to the action; and (4) the capacity of the parties to sue or be sued." Id.

After carefully reviewing the record, we agree with the District Court that those
requirements have been met. Wirs' prior state court action was rejected on the merits. In

that he filed in the District Court here. See Wirs v. Republican National Committee, No.
1:17-cv-01254 (D.D.C.). On May 16, 2018, the District Court granted the RNC's motion
to dismiss, holding that the Rooker-Feldman doctrine barred Wirs' lawsuit.

the Pennsylvania case – where Wirs identified himself as the trustee of the "Roosevelt-Bentman Trust for American Voters" – the Philadelphia Court of Common Pleas held that the purported award could not be given legal recognition because the arbitration forum did not have jurisdiction over the RNC and because the RNC was not given proper notice of the alleged arbitration hearing. See Roosevelt-Bentman Tr. for Am. Voters, No. 608, 2015 WL 4162646, at *3 (Pa. Com. Pl. May 29, 2015). Wirs appealed, and the Pennsylvania Superior Court affirmed. Roosevelt-Bentman Tr. for Am. Voters Inter Vivos Tr., No. 796 EDA 2015, 2016 WL 783628, at *3 (Pa. Super. Ct. Feb. 29, 2016). As with the state court action, the thing sued upon and the cause of action in the federal case center on the validity of the arbitration award and whether that award can be confirmed.[4] In addition, Wirs and the RNC were parties in the District Court and in the state court action.[5] And the capacity of Wirs and the RNC to sue and be sued in state and federal court is not in dispute. In sum, because Wirs was merely attempting to re-litigate

---

[4] The state action pertained to a 2009 arbitration award. The federal action sought confirmation of a 2016 award. This difference does not affect our res judicata analysis, however, because Wirs admitted that the 2016 award was merely a reissuance of the 2009 award.

[5] As noted, in the state court action Wirs claimed that he was the trustee of the Roosevelt-Bentman Trust for American Voters, while in the federal proceedings he asserts that he controls the Lincoln Charitable Trust. For res judicata purposes, this change in parties is of no import because, based on Wirs' descriptions, the Trusts operated as his privies. See Ohio Twp. v. Builders Enterprises, Inc., 276 A.2d 556, 557 (Pa. Commw. Ct. 1971) (stating that "[u]nder the doctrine of res judicata, a judgment is conclusive as between the parties and their privies in respect to every fact which could properly have been considered in reaching the determination and in respect to all points of law relating directly to the cause of action and affecting the subject matter before the court").

claims involving the RNC that were already decided in state court, the District Court properly concluded that his claims were precluded by res judicata.

For the foregoing reasons, we will affirm the District Court's judgment.[6]

---

[6] Wirs' Appellant's Motion for Order to Show Cause Why RNC Counsel Should Not be Disbarred, Motion to Summarily Reverse, request for oral argument, and Emergency Motions for Expedited Summary Reversal are denied. The RNC's Motion to Strike Wirs' Show Cause Motion and for Sanctions is denied. In its request for sanctions, the RNC alleges that Wirs has "docketed baseless and malicious allegations directed at opposing counsel" and "continues to fabricate untruths designed to deceive this Court and to support his frivolous claims against the RNC." Although we believe that sanctions are not warranted at this time, we caution Wirs that we will consider sanctions if he files repetitive, meritless, vexatious, or frivolous submissions.