Builders Enterprises, Inc., Appellant, *v.* Ohio Township Zoning Hearing Board.

320

Argued September 29, 1971.   Before JONES, EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*Gilbert E. Morcroft,* for appellant.

*Michael J. Boyle,* with him *Meyer, Unkovic & Scott,* for appellee.

OPINION PER CURIAM, December 29, 1971:
Order affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

Builders Enterprises, Inc., is the owner of some forty acres of land in Ohio Township.   Its predecessor

in title had acquired the land prior to the enactment of any zoning ordinance in the township. At the time of acquisition, Builders Enterprises' predecessor in title commenced the operation of a trailer camp on a portion of the land. Thereafter, the township enacted a zoning ordinance, zoning a portion of the tract R-2 Residential and another portion R-4 Residential. At that point, however, the nonconforming use of the predecessor in title had been established.

When Builders Enterprises acquired the land, it sought to expand the prior nonconforming use over the remaining portion of the tract, and was refused permission to do so by the zoning hearing board. The Court of Common Pleas of Allegheny County reversed, and was in turn reversed by a divided Commonwealth Court. *Twp. of Ohio v. Builders Enterprises, Inc.*, 2 Pa. Commonwealth Ct. 39, 276 A. 2d 556 (1971). We allowed an appeal.

Appellant argues that a nonconforming use runs with the land and not with the ownership thereof, and that its expansion is a constitutionally protected property right. There can be no doubt that that is the law. *Silver v. Zoning Bd. of Adj.*, 435 Pa. 99, 255 A. 2d 506 (1969); *Gross v. Zoning Bd. of Adjust.*, 424 Pa. 603, 227 A. 2d 824 (1967). The question which remains is whether the use by appellant's predecessor in title of some five acres of the property for its nonconforming business enterprise entitles it to expand the nonconforming use over the remainder of the property. In this connection, the Court of Common Pleas found as a fact that appellant's predecessor in title intended to use the entire forty-acre tract for trailer camp purposes at the time he purchased it, and that only capital shortages prevented full development earlier. In *Haller Baking Company Appeal*, 295 Pa. 257, 145 A. 77 (1928), we indicated that the actual use of the prop-

erty at the time of the enactment of the zoning ordinance was not necessarily controlling, and that the intention of the owner was a matter to be given considerable consideration. Be that as it may, however, the Court of Common Pleas found the owner's intention as a fact, and the Commonwealth Court does not challenge that finding. The following statement from Judge KRAMER'S dissenting opinion in the Commonwealth Court has great merit: "The majority, in effect, is putting all property owners in Pennsylvania on notice that they should go out to the four corners of their land and make some overt and patent use of their land so as to protect the intended usage then permitted to continue after the local municipal legislative body changes the permitted usage through a zoning ordinance or an amendment thereto."

Moreover, I find the reliance of the Commonwealth Court majority on *William Chersky Enterprises v. Board of Adjustment*, 426 Pa. 33, 231 A. 2d 757 (1967), to be misplaced. In *Chersky,* we found that the record did not support the existence of a nonconforming use when the ordinance was enacted. We found, in fact, that some six years later, the use sought to be expanded in *Chersky* had been allowed by a special exception. We therefore held specifically that we were not involved with the normal expansion of a prior nonconforming use, but rather with the expansion of a use allowed by special exception, which required certain approvals under the Pittsburgh Zoning Ordinance. Here, there is no question that the nonconforming use existed prior to the enactment of the ordinance.

The expansion of a nonconforming use is indeed a valuable property right, and the majority's narrow interpretation of that right does violence to the long-established law of this Commonwealth. We should not decide these cases on the basis of the size of the pro-

posed expansion, allowing small ones and refusing large ones. Neither appellant nor its predecessor sought expansion over newly acquired land. The entire tract was an integrated whole prior to the enactment of the zoning ordinance; a portion of it was used for a specific purpose and its entire area was intended for that purpose prior to that enactment; the nonconforming use was clearly established and it should not only be permitted to continue, but should also be permitted to expand within the boundaries of the land originally intended for that use.

I dissent.