Midvalley School District, Appellant, *v.* Commonwealth of Pennsylvania, Department of Education, Appellee, and Frank W. Marra, Intervening Appellee.

315

Argued September 10, 1974, before Judges Kramer, Mencer and Blatt, sitting as a panel of three.

*Edward A. Reilly,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for appellee.

*Lewis F. Adler,* for intervening appellee.

Opinion by Judge Blatt, November 26, 1974:

This appeal involves an interpretation of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, Section 1154(a), *as amended,* 24 P.S. §11-1154(a), which, before 1968, provided in part: "In any school

year whenever a professional or temporary professional employe is prevented by illness or accidental injury from following his or her occupation, the school district shall pay to said employe for each day of absence the full salary to which the employe may be entitled as if said employe were actually engaged in the performance of duty for a period of ten days. Such leave shall be cumulative from year to year, but shall not exceed thirty (30) days leave with full pay in any one year." By virtue of a 1968 amendment the second sentence quoted above from Section 1154(a) was deleted and the following was substituted: "Any such unused leave shall be cumulative from year to year in the school district of current employment or its predecessors without limitation. All or any part of such accumulated unused leave may be taken with full pay in any one or more school years." Act of January 19, 1968, P. L. (1967) 983, Section 1, 24 P.S. §1154(a).

Frank W. Marra (Marra) has been continuously employed as a teacher for the Midvalley School District (School District) since the 1947-48 school year. The dispute at hand involves the sole question of how much sick leave Marra has accumulated through the 1972-73 school year. Both sides agree upon the meaning of the 1968 amendment. Under the law prior to the 1968 amendment, however, Marra argues that an employee could accumulate an unlimited number of sick leave days as long as he did not use more than 30 in any one year. The School District asserts, on the other hand, that, prior to 1968, an employee could never accumulate more than 30 sick leave days at any one time. The parties have stipulated that Marra is entitled to either 130 or 62 sick leave days, depending upon which interpretation of the statute is adopted. After a hearing held by the Secretary of Education (Secretary), an order was issued on December 7, 1973

crediting Marra with 130 days of unused, accumulated sick leave as of the end of the 1972-73 school year. The School District has appealed from that order to this Court.

The Statutory Construction Act of 1972, 1 Pa. S. §1921(a) provides: "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." We need only follow this, the most fundamental rule of statutory construction, in order to resolve the case at hand.

The words "in any one year," which appear at the end of the second sentence quoted from Section 1154(a) of the pre-1968 Public School Code, limit only the scope of the last clause of that sentence, and this clause establishes the 30 day maximum on sick leave days to which an employee is entitled "in any one year." The School District would urge us in effect to ignore these words: i.e., "in any one year," and to place an absolute restriction of 30 upon the total number of leave days which an employee may accumulate at any time and which he may wish to use over a number of years. "The Legislature cannot be deemed to intend that its language be superfluous and without import. . . . Every word, sentence or provision in a statute must be given effect in construction of the statute." (Citations omitted.) *Daly v. Hemphill*, 411 Pa. 263, 273, 191 A. 2d 835, 842 (1963).

Moreover, if we consider "the object to be attained" by this statute, as we may do under the Statutory Construction Act, 1 Pa. S. §1921(c)(4), it is even more apparent that the School District's interpretation is improper. The purpose of allowing the accumulation of sick days, we believe, is to deter unwarranted or unnecessary absenteeism and to encourage employees who have accumulated leave time to remain in con-

tinued service if they can rather than to take the leave time. Under the interpretation argued by the School District, however, an employee would gain no advantage from the accumulation of sick leave days in excess of 30, and, therefore, once he had accumulated that number, he might understandably decide to use additional sick leave days at times when such use might not be wholly justified merely to avoid losing the leave time altogether. Such a result would, of course, directly defeat the purpose of the statute and, therefore, the statute should not be so construed.

We believe that the reason for the 30 day limitation was to discourage a teacher from missing any more than 30 days unless absolutely necessary during a given school year so that his students would gain the maximum benefit possible from uninterrupted instruction. Clearly this purpose would not be impaired by permitting teachers to accumulate more than 30 days leave, therefore, provided that no more than 30 days were actually used in a single year. The School District argues, however, that the change of language in the 1968 amendment creates a presumption that the General Assembly thereby intended a change, too, in the construction of the language of the law as it stood prior to 1968. Obviously the General Assembly in 1968 intended a change in the meaning of the statute when it entirely eliminated the 30 day accumulation restriction altogether, and that change was accomplished. We would be in error, however, if we attempted now to draw any conclusions on the basis of the 1968 enactment as to what was the legislative intent in the pre-1968 enactment.

The School District also argues that its interpretation of the statute is correct because a public interest should be presumed to prevail over a private interest, and it cites the Statutory Construction Act, 1 Pa. S. §1922(5) in support of that proposition. It then

asserts that purely private interests would be served at the public expense if the School District were required to compensate Marra for the entire 130 sick leave days to which he claims to be entitled. It errs, however, in weighing only the financial aspects of the Secretary's order, for the public interest also involves the encouragement of continued public service and the discouragement of unnecessary absenteeism. We do not believe that the Secretary abused his discretion in concluding that the public interest was better served by giving greater weight to these factors than to this financial factor.

Accordingly, we enter the following

ORDER

Now, November 26, 1974, the Order of the Secretary of Education crediting Mr. Frank W. Marra with 130 days of unused, accumulated sick leave as of the end of the 1972-73 school year is hereby affirmed.