City of Wilkes-Barre *v.* Joseph Ebert, National Motors, and Anthony Woronko, Tony's Used Cars, Appellants.

Argued October 9, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*John L. McDonald,* for appellants.

*Chester B. Muroski,* for appellee.

OPINION BY JUDGE MENCER, December 15, 1975:

This is an appeal from an order of the Court of Common Pleas of Luzerne County entering summary judgment against Joseph Ebert, trading as National Motors,

and Anthony Woronko, trading as Tony's Used Cars (Appellants) in an action brought to enforce the collection of a license tax by the City of Wilkes-Barre. Since the questions raised in both situations are identical, they were consolidated below.

This case began when Appellants failed to pay a license tax fee of $100.00 each, which became payable on June 1, 1971, pursuant to a Wilkes-Barre city ordinance.[1] Complaints were filed against Appellants on November 17, 1971, and judgment in the amount of $100.00 each was entered against them by a magistrate on April 20, 1972.

An appeal was taken to the Court of Common Pleas. After a complaint, an answer with new matter and a reply were filed, the City filed an affidavit and moved for summary judgment under Pennsylvania Rule of Civil Procedure 1035 on November 20, 1974. Appellants, on November 25, 1974, filed exhibits consisting of a large number of Wilkes-Barre taxing ordinances and an affidavit simply identifying the ordinances. Summary judgment in favor of the City was entered on December 19, 1974. Appellants question the propriety of granting summary judgment in this case and raise several questions of law regarding the validity of the license tax. We affirm.

Summary judgment under Rule 1035 can only be properly invoked when it is clear that there are no factual issues which must be resolved at trial. *Commonwealth v. Chesney,* 11 Pa. Commonwealth Ct. 379, 315 A. 2d 675 (1974). The burden of demonstrating that there is no genuine issue as to any material fact is on the moving party (the City in this case). *Schacter v. Albert,* 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968). The non-moving party, however, cannot remain inactive. Rule 1035(d) reads in pertinent part:

---

1. File of Council No. 1103, April 3, 1945 §8 *as amended* by File of Council No. 9 of 1970 §1.

"When a motion for summary judgment is made and supported in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We agree with the court below that the affidavit filed by Appellants set forth no information which would show that any genuine material issue of fact existed for trial.

On the contrary, the major thrust of the Appellants' case is a challenge to the validity of the license tax as a *matter of law*. Summarized briefly, Appellants' contentions are that:

1. The ordinance was not a general revenue measure but a regulatory measure which is invalid because it is not a proper exercise of the police power.

2. The Commonwealth has preempted the field of regulation of used car dealers.

3. There is no authority for the enactment of the ordinance in The Third Class City Code.[2]

4. The city already imposes a mercantile tax on used car dealers and the license tax is an illegal duplication.

The court below found against Appellants on all issues and we concur.

The question of whether an enactment is a tax or a regulatory measure does not depend on whether it is called a "license" or a "tax" but rather on the purposes for which it was enacted.

"Prior case law provides the guide lines under which we are to make a distinction on whether a levy in such an ordinance is a tax or a true license fee. The

---

2. Act of June 23, 1931, P. L. 932, *as amended*, 53 P.S. §35101 et seq.

common distinction is that taxes are revenue-producing measures authorized under the taxing power of government; while license fees are regulatory measures intended to cover the cost of administering a regulatory scheme authorized under the police power of government." *Philadelphia v. SEPTA*, 8 Pa. Commonwealth Ct. 280, 287, 303 A. 2d 247, 251 (1973).

The ordinance in question makes it clear, in Section 1, that the license tax was enacted for "general revenue purposes"; no scheme of regulation or inspection was contemplated, nor has any such scheme been put into effect.

Appellants' contention that the Commonwealth has preempted the field of licensing, since it requires all used car dealers to register in order to apply for special license plates, is also without merit. The fee imposed by the Commonwealth is regulatory while this ordinance imposes a tax. There is no specific exemption of used car dealers from either taxation or license fees as in *Philadelphia v. SEPTA, supra*. We cannot find that the Commonwealth has preempted the entire field simply by requiring the registration of used car dealers.[3]

Appellants' main arguments center on their contention that the City has no power to tax used car dealers because that power is not specifically enumerated in The Third Class City Code, Section 2601 (53 P.S. §37601). That section provides in relevant part:

"Council may, by ordinance, levy and collect a license tax for general revenue purposes, not exceeding one hundred dollars each annually, on all photographers, auctioneers, contractors, druggists, hawkers, peddlers, produce or merchandise vendors, bankers, brokers, other than real estate brokers, undertakers, pawnbrokers, trading stamp or premium companies or dealers, warehouses or storage houses or

_____

3. *Compare United Gas Improvement Co. v. Dallas*, 58 Luz. L. Reg. 159 (1968).

places, parking lot operators, *merchants of all kinds
. . . ."* (Emphasis added.)
Used car dealers clearly fall within the ordinary meaning of the word "merchant" and, therefore, may be subjected to a license tax under this section. Appellants argue that the words "merchants of all kinds" are merely *ejusdem generis* and do not enlarge the provisions of the statute. We have often stated, however, that, in construing a statute, every provision must be given effect. *Midvalley School District v. Department of Education,* 16 Pa. Commonwealth Ct. 314, 328 A. 2d 577 (1974).

Finally, we are urged to find the tax invalid because Appellants are subject to a mercantile tax as well as a license tax. Again, Section 2601 specifically states in part:

"The taxes assessed under this section shall be *in addition to all taxes levied and collected by the City,* County or Commonwealth." (Emphasis added.)

The license tax is, accordingly, not invalid as "double taxation." The lower court's order granting summary judgment in favor of the City of Wilkes-Barre was, therefore, proper and we affirm.