Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Raymond Dotterer *v.* GAF Corporation, Appellant.

Argued January 9, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Robert H. Holland,* with him *Kolb, Holland, Antonelli & Heffner,* for appellant.

*Raymond Dotterer,* appellee, for himself.

*James N. Diefenderfer,* for appellee, Board.

OPINION BY JUDGE MENCER, March 9, 1976:

On August 29, 1974, Raymond Dotterer (claimant) was injured while in the normal course of his employment. As a result of this injury, he solicited medical attention from a physician who was not among those designated for that purpose by claimant's employer, GAF

Corporation (appellant). Claimant sought to have appellant provide payment for the medical services rendered, but appellant refused, citing the claimant's failure to consult one of the designated physicians. At a hearing held on the matter, the referee awarded payment to claimant, and the Workmen's Compensation Appeal Board affirmed per curiam. We must reverse.

The sole issue presented for our consideration is whether the referee erred as a matter of law in interpreting Section 306 (f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended* by Section 12 of the Act of March 29, 1972, P.L. 159, 77 P.S. §531. That section reads in pertinent part:

"The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: Provided, That the employe may select a duly licensed practitioner of the healing arts of his own choice, *unless at least five physicians shall have been designated by the employer or by the employer and the employe's representative by agreement, in which instances the employe shall select a physician from among those designated.*" (Emphasis added.)

In his discussion of the case, the referee interpreted this portion of the statute as follows:

"The employer may post five (5) physicians on its own initiative, or the employer and the collective bargaining agent for the employes may propose five (5) physicians, but in *both* instances the finally designated physicians must have been approved by the employe's representative or else an individual employe may select a physician of his own choice. As a practical matter, if the statutory reference was given any other interpretation, the second possibility never would occur since an employer most probably

would desire to have physicians of its own choice, thereby nullifying any possible effect of the final phrase contained therein, and it cannot be assumed the Legislature intended such a result." (Emphasis in original.)

We are quite frankly at a loss to follow this line of reasoning. The statutory provision is plain on its face. There are two methods or "instances" referred to in the statute for the designation of approved physicians. The referee's interpretation, rather than avoiding an absurd result, negates the first option entirely. We have often stated that in construing a statute every provision must be given effect. *Midvalley School District v. Department of Education,* 16 Pa. Commonwealth Ct. 314, 328 A. 2d 577 (1974). Accordingly, we find no reason to ignore the plain language of the statute.

Unlike the referee, we feel that the matter of selection of physicians could be a proper subject for collective bargaining or mutual accommodation. To read this provision in the manner suggested by the referee would engraft onto all collective bargaining agreements in the Commonwealth a provision which is properly the subject of negotiation.

We find that, since claimant failed to select his physician from among those duly designated by appellant, he may not recover the costs of those services rendered. *See Workmen's Compensation Appeal Board v. Overmyer Mold Company,* 20 Pa. Commonwealth Ct. 456, 342 A. 2d 439 (1975).

Accordingly, we enter our

ORDER

Now, this 9th day of March, 1976, the decision of the Workmen's Compensation Appeal Board relative to the claim of Raymond Dotterer is hereby reversed.