Westinghouse Electric Corporation, Appellant *v.* Board of Assessment Appeals of Delaware County, Appellee.

Argued June 11, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Lloyd R. Persun,* with him *R. Scott Shearer, Shearer, Mette & Woodside,* for appellant.

*Thomas L. Kelly,* with him *Peter J. Nolan, Kelly, Haase & Dunn,* for appellee.

OPINION BY JUDGE DOYLE, February 18, 1983:

This is an appeal by Westinghouse Electric Corporation (Westinghouse) from the amended order of the Delaware County Court of Common Pleas, dated June 17, 1981, which granted a Petition to Extend Refund Payments and awarded Westinghouse simple interest on the unpaid balance of its refund at the rate of six percent *per annum*. For the reasons which follow, we reverse the order of the court of common pleas.

Westinghouse, owner of approximately 434 acres of land in Tinicum Township, Delaware County, challenged the assessed value of this property for the years 1977, 1978, 1979 and 1980. After paying each year's real property tax under protest, Westinghouse appealed to the Delaware County Board of Assessment Appeals (Board) for relief. From an adverse determination by the Board, Westinghouse filed appeals in the court of common pleas. Subsequently, following negotiations among Westinghouse, the Board and the Township of Tinicum, a settlement was reached which was reduced to a stipulation and submitted to the court of common pleas for its approval.[1] On June 10, 1980, the court of common pleas entered an order fixing the assessed value of Westinghouse's real property in Tinicum Township for the years 1977, 1978, 1979 and 1980 as provided in the stipulation.[2]

On July 7, 1980, Interboro School District (Interboro), as intervenor, filed an appeal from the June 10, 1980 order of the court of common pleas with this court. In response, Westinghouse filed a motion to

---

[1] The Interboro School District did not participate in the negotiations, choosing instead to depend upon The County of Delaware to represent its interest.

[2] Under the terms of the June 10, 1980 order, the proper assessed value of Westinghouse's real property in Tinicum Township is $2,000,000.00 for 1977, $1,850,000.00 for 1978, $1,650,000.00 for 1979 and $1,400,000.00 for 1980.

quash. On September 16, 1980, this Court entered an order granting the motion to quash and dismissing Interboro's appeal. Four months later, on January 13, 1981, Interboro filed with the court of common pleas a petition to extend refund payments pursuant to Section 518.1 of The General County Assessment Law (Law).[3] On April 23, 1981, following a hearing, the trial court entered its order which established a seven-year refund schedule and awarded Westinghouse interest on the unpaid refund at the rate of six percent *per annum* computed from December 4, 1980, the date when formal written demand for the refund was made. On May 21, the trial court granted Westinghouse's application for reconsideration of that court's April 23, 1981 order. Following a hearing, the court of common pleas entered an order on June 17, 1981 which reiterated the refund payment schedule and interest award contained in the April 23, 1981 order. On July 15, 1981, Westinghouse filed a timely appeal for each tax year to this court from the trial court's amended order. By order dated August 12, 1981, these appeals have been consolidated.

In this appeal, Westinghouse seeks (1) immediate payment of the refund due from Interboro, (2) an award of interest in excess of a six percent *per annum* rate, and (3) an award of costs and attorney's fees.

Westinghouse raises four alternative arguments to support its contention that the refund to which it is entitled should be paid immediately. Westinghouse initially argues that Interboro's petition to extend refund payments, and the issues raised therein, are either moot or non-justiciable. In support of this argument, Westinghouse points out that Interboro chose not to participate in the negotiations or to join in the

---

[3] Act of May 22, 1933, P.L. 853, *as amended*, added by Section 2 of the Act of December 28, 1955, P.L. 917, 72 P.S. §5020-518.1.

stipulation which resulted in Westinghouse's reduced assessment. Further, Westinghouse contends that the June 10, 1980 order, which gradually reduced the assessments over a four-year period, was designed to lessen the financial impact on Interboro. We find that while the stipulation which phased-in the reduction in the assessment does exhibit compassion toward Interboro's position, it does not address the issue of the extention of refund payments. Thus, the issue is not moot. Similarly, the doctrine of *res judicata* does not apply. Application of this doctrine requires an identity in the thing sued upon, an identity of the cause of action, and an identity of the quality or capacity of the parties suing or sued. *Sharp v. Department of Transportation,* Pa. Commonwealth Ct. , 447 A.2d 1057 (1982). "The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appeal and assert their rights." *Township of Ohio v. Builders Enterprises, Inc.,* 2 Pa. Commonwealth Ct. 39, 276 A.2d 556 (1971), *aff'd.* 446 Pa. 319, 284 A.2d 686 (1971). While Interboro did have the opportunity to appeal and assert its rights in the assessment appeal, the issues raised in Interboro's petition to extend refund payments were not decided in the prior proceeding. The earlier appeal resolved the issue of the proper assessment of Westinghouse's land. Here, however, the separate and distinct issue of Interboro's ability to pay a refund in one year is raised. Since there is no identity of the cause of action, the doctrine of *res judicata* does not apply. *Id.*

Westinghouse next argues that Interboro lacks standing to petition to extend refund payments because Interboro failed to intervene and depended instead on the County of Delaware to protect its interest in the assessment appeal. We disagree. Section 518.1 of the Law, in pertinent part, provides:

That, upon final disposition of the appeal the amount found to be due the appellant as a refund, together with interest thereon, shall also be a legal set off or credit against any taxes assessed against appellant by the same taxing district and *where a taxing district alleges that it is unable to thus credit all of such refund in one year, the court, upon application of either party, shall determine over what period of time such refund shall be made,* and shall fix the amount thereof which shall be credited in any year or years. (Emphasis added.)

Clearly, Interboro, as the taxing district which must pay the refund, has a substantial, direct and immediate interest, and therefore standing, in the determination of the period within which the refund must be made. *See Strasburg Associates v. Newlin Township,* 52 Pa. Commonwealth Ct. 514, 415 A.2d 1014 (1980). Interboro's failure to actively intervene in the assessment appeals does not affect its standing to petition to extend refund payments.

Finally, to support immediate payment of the refund, Westinghouse argues that Interboro should not be permitted to extend refund payments due to the Taxing District's intentional disregard of the self-insurance provisions of Section 518.1 of the Law. In pertinent part this section of the Law provides:

That the appellant may pay the amount of the tax alleged to be due by reason of the assessment appealed from to the tax collector, under protest in writing, in which case when the tax is paid over to the taxing district, it shall be the duty of the tax collector to notify the taxing district of such payment under protest by delivering to it the protest in writing. Whereupon, the taxing district with the exception of cities of the second class and school districts of the first

class A within such counties *shall be required* to segregate twenty-five per centum (25%) of the amount of the tax paid over, and *shall* deposit the same in a separate account in the depository in which the funds of the taxing district are deposited, and *shall not be permitted* to expend any portion of such segregated amount, unless it shall first petition the court alleging that such segregated amount is unjustly withheld. Thereupon, the court shall have power to order the use by the taxing district of such portion of such segregated amount as shall appear to said court to be reasonably free from dispute, and the remainder of the segregated amount shall be held segregated by the taxing district pending the final disposition of the appeal. . . . (Emphasis added.)

In other words, when a taxing district receives a tax payment made under protest, it must immediately begin to prepare for the possible payment of a refund by establishing a separate security fund. The purpose of this provision is to mitigate the financial impact upon a taxing district of a taxpayer's successful assessment appeal. The requirement to segregate twenty-five percent of taxes paid under protest will not cause any irresoluble problem for a taxing district.[4] As the case at bar illustrates, however, the failure to segregate these funds can result in serious consequences to the taxing authority.

During 1977, 1978, 1979 and 1980, Westinghouse paid, under protest, $1,876,108.70 in real property taxes to Interboro. As a result, Interboro should have accumulated an escrow account of $469,027.17. In fact,

---

[4] *Allegheny County, Southern District, Tax Assessment Appeals,* 7 Pa. Commonwealth Ct. 291, 298 A.2d 643 (1972), *rev'd on other grounds sub nom. Borough of Greentree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974).

Interboro untimely escrowed only a portion of that amount.[5] On June 10, 1980, the court of common pleas entered the order which obligated Interboro to pay Westinghouse a refund of $534,126.20 for these tax years. But within two weeks therefrom, Interboro spent the escrow balance and interest earned thereon— $385,314.00—without notice or approval of the court. After this Court had dismissed Interboro's appeal from the June 10, 1981 order, Interboro petitioned and was granted permission to extend refund payments over a seven-year period. Westinghouse thus raises this question: May a taxing district be granted the privilege to extend refund payments if it did not comply with the requirements to segregate and hold a portion of taxes paid under protest? We find that, under these circumstances, a taxing district may not extend refund payments.

To reach the proper interpretation of a statute, we must look to the intention of the legislature which can be ascertained by considering the nature and object of the statute, and the consequences that would result from construing it one way or the other. *Pennsylvania Railroad Company v. Board of Revision of Taxes,* 372 Pa. 468, 93 A.2d 679 (1953). Clearly, Interboro's untimely and inadequate escrow and subsequent expenditure of the funds were in direct disregard of the requirements and prohibitions of Section 518.1. If, despite this conduct, Interboro could petition to extend refund payments, then the segregation provisions would be meaningless and have no value or effect. When construing a statute, we must endeavor to give effect to all provisions of that statute. *Midvalley School District v. Department of Education,* 16 Pa. Commonwealth Ct. 314, 328 A.2d 577 (1974). This Court must conclude, therefore, that in this instance

---

[5] The parties agree that the amount escrowed, including interest, reached a total of $385,314.00.

satisfaction of the segregation requirements was a condition precedent to an application for an extension of time to make refund payments. We note that Interboro had the opportunity to avoid the financial circumstances in which it now finds itself. If Interboro had segregated the proper amount of taxes paid under protest each year, and had paid these funds to Westinghouse, the remaining balance to be paid would have been about $65,000. Instead, the taxing district faces a refund due Westinghouse of $534,126.20 plus interest.[6]

Westinghouse also seeks an increase in the rate of interest which it was awarded, and further argues that the interest should begin to accrue prior to the date established by the trial court. The court of common pleas awarded interest at the rate of six percent *per annum* to begin from the date that the demand for refund was made, December 4, 1980. Section 518.1 of the Law does provide for an award of interest at an unspecified rate. Section 202 of the Act of January 30, 1974, P.L. 13, provides as follows:

> Reference in any law or document enacted or executed heretofore or hereafter to "legal rate of interest" and reference in any document to an obligation to pay a sum of money "with interest" without specification of the applicable rate shall be construed to refer to the rate of interest of six percent per annum.

41 P.S. §202. In reference to interest on judgments, 42 Pa. C. S. §8101 provides as follows:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the

---

[6] We may take judicial notice that some funding scheme might have to be adopted under the provisions of the Local Government Unit Debt Act, Act of July 12, 1972, No. 185, *as amended*, 53 P.S. §§6780-1 through 6780-609.

date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

The June 10, 1980 order provided Interboro with notice that a refund was due Westinghouse. Since Interboro benefitted from the use of Westinghouse's money, interest should accrue for the period the money was improperly detained. *Cities Service Oil Company v. Pittsburgh,* 449 Pa. 481, 297 A.2d 466 (1972). An unsuccessful appeal does not suspend the accrual of interest. *Printed Terry Finishing v. City of Lebanon,* 264 Pa. Superior Ct. 192, 399 A.2d 732 (1979). Therefore, we conclude that Interboro must pay interest at the rate of six percent *per annum* from June 10, 1980.

Finally, Westinghouse seeks an award for costs and reasonable attorney's fees. Pursuant to the express statutory authority of Section 1726 of the Judicial Code, 42 Pa. C. S. §1726, our Supreme Court has adopted general rules concerning the imposition and taxation of costs. Pa. R.A.P. 2741(3) provides that if an order is reversed, costs shall be taxed against the appellee. Costs which may be recovered by the successful appellant include the cost of printing or otherwise reproducing paperbooks pursuant to Pa. R.A.P. 2742, the fees paid to the appellate court pursuant to Pa. R.A.P. 2743(a)(1), and the cost of transcribing the evidentiary record pursuant to Pa. R.A.P. 2743 (a)(2). Westinghouse states, without contradiction, that it incurred $245.00 in printing costs and $902.05 in reproduction costs to produce the necessary copies of briefs and reproduced records, and that it has paid $100.00 in filing fees to this Court. Therefore, Westinghouse is entitled to recover $1,247.05 in costs.

Westinghouse argues in addition that it is entitled to recover attorney's fees as well, pursuant to Section 2503 of the Judicial Code, 42 Pa. C. S. 2503, which, in pertinent part provides:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

. . . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

Following our thorough review of the circumstances surrounding Interboro's petition to extend refund payments and the present and prospective effect of this decision, we decline to award Westinghouse reasonable attorney's fees.

ORDER

Now, February 18, 1983, the amended order of the Court of Common Pleas of Delaware County dated June 17, 1981 is hereby reversed in consequence of the foregoing opinion. The Interboro School District is hereby directed to make immediate payment of all real property tax refunds to Westinghouse Electric Company. Interest on said refund shall be computed at the rate of six percent *per annum* from June 10, 1980. Interboro School District is further directed to reimburse Westinghouse Electric Company the costs of this appeal in the amount of $1,247.05.

———

DISSENTING OPINION BY JUDGE BLATT

I respectfully dissent only as to the majority's conclusion that attorney's fees should be denied.

210

The Interboro School District blatantly violated Section 518.1 of the Law's requirement that taxes paid under protest be segregated. It refused to participate in the settlement negotiations, instead relying on the County for representation, and then refused to honor the stipulation entered. Additionally, it has effectively succeeded in protracting this litigation.

I believe, therefore, that Interboro School District's conduct was not in good faith and was "dilatory, obdurate or vexatious".[1]

Accordingly, I would grant the appellant's request for reasonable attorney's fees.

---

[1] Section 2503(7) of the Judicial Code, 42 Pa. C. S. §2503(7).