Eugene F. Rudolph *v.* Zoning Hearing Board of College Township et al. Township of College, Appellant.

Argued September 14, 1983, before Judges WIL-LIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*Benjamin Novak*, for appellant.

*I. Jay Cooper*, with him *Ronald M. Katzman, Gold-berg, Evans & Katzman, P.C.*, for appellee.

OPINION BY JUDGE BARBIERI, January 26, 1984:

The Township of College (Township)[1] and the Zoning Hearing Board of College Township (Board) appeal here from an order of the Court of Common Pleas of Centre County reversing the Board's dismissal of an appeal brought by Eugene F. Rudolph

---

[1] The Township properly intervened in the proceedings before the court of common pleas, and hence has standing to pursue the present appeal. *See Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981).

from a decision of a Township zoning officer who cited Mr. Rudolph for renting two apartments in a building which, under the applicable Township zoning ordinance, may only contain one dwelling unit. We reverse.

On August 19, 1977, Mr. Rudolph purchased two contiguous lots in an area of the Township zoned as a C-1 General Commercial District. A two-story building, with commercial space on the first floor, and two apartments on the second floor, was located on the first of these lots, and a stable, with no provisions for human occupation, was located on the second. At the time of this purchase, the applicable Township ordinance, enacted in 1965, provided, *inter alia*, that buildings located in C-1 General Commercial Districts were permitted ''one single family residence per lot on the top floor over a commercial establishment.''[2] A new Township zoning ordinance, enacted a few weeks after Mr. Rudolph's purchase, similarly provided that ''all commercial buildings permitted in . . . C-1 . . . districts may include one dwelling unit.''[3] Shortly after the effective date of this new ordinance Mr. Rudolph applied for a variance from this restriction and, following a hearing, the Board, in a decision dated February 3, 1978, denied this request on the ground that Mr. Rudolph failed to establish a hardship unique to the property in question. *See* Section 912(1) of the Pennsylvania Municipalities Planning Code (MPC).[4] In its decision the Board did not, as the Township alleges here, address the issue of whether the building in question was a valid nonconforming use, and accordingly made no finding as to whether the building in question had two dwelling units in it prior to the

---

[2] Section 301.1 of Township ordinance No. 17.

[3] Article II, Section 4.1.2. of Township ordinance No. 59.

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912(1).

Township's enactment of a zoning ordinance.[5] Mr. Rudolph took no appeal from this decision and, in disregard of the Board's decision, rented both of the apartments in the building in question. Over two years later, after a routine inspection of the premises, a Township zoning officer discovered for the first time that Mr. Rudolph was renting both of the apartments in his building, and sent a letter to Mr. Rudolph directing him to correct "the violation." Mr. Rudolph appealed this determination to the Board alleging that the premises in question was a valid nonconforming use and "that the Zoning Hearing Board Opinion of February 3, 1978, is invalid." After conducting a hearing, the Board, as noted above, dismissed the appeal. In its decision, the Board, apparently believing that it had addressed the nonconforming use issue in its February 3, 1978, decision, discussed the doctrine of *res judicata*, and concluded that it could only consider "new" issues not raised by Mr. Rudolph in the prior proceeding before the Board. The Board then noted that the only "new" issue raised by Mr. Rudolph was the question of whether two dwelling units were permitted under the Township's 1965 zoning ordinance in buildings located in C-1 General Commercial Districts where the owner of the property owned two lots, with one of those lots having no dwelling units located thereon, and ruled against Mr. Rudolph on the issue.[6] Upon a further appeal, however, the

---

[5] The Board did state that "[s]ince both the present and preceding Township Zoning Ordinances contained this restriction, such information was available to Mr. Rudolph at the time he considered [the] purchase of the property." Rather than being a determination as to whether the property in question was a valid nonconforming use, however, this statement merely indicated that any financial harm resulting from the denial of a variance was self-inflicted. *See* Section 912(3) of the MPC, 53 P.S. §10912(3).

[6] This question is significant since the Board found, based on substantial evidence of record, that the property had been converted

court of common pleas, without taking any additional evidence, reversed. In its decision the court concluded (1) that the Board had improperly invoked the doctrine of *res judicata,* and (2) that the Township's 1965 zoning ordinance permitted more than one single family residence per lot in C-1 General Commercial Districts if the landowner owned other lots in the district which were vacant. The present appeal followed.

Here, the Township initially alleges that the court erred as a matter of law by concluding that the Board improperly invoked the doctrine of *res judicata.* Although we fail to see the significance of this argument, since the Board, while citing the doctrine of *res judicata,* nonetheless decided the only issue before it, the question of whether Mr. Rudolph had a valid nonconforming use, we shall briefly address the point.

"In determining whether the doctrine of *res judicata* should be applied '[t]he essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appeal and assert their rights.'" *Philadelphia County Board of Assistance v. Vinson,* 75 Pa. Commonwealth Ct. 518, 524, 463 A.2d 73, 76 (1983) (quoting *Township of Ohio v. Builders Enterprises, Inc.,* 2 Pa. Commonwealth Ct. 39, 276 A.2d 556 (1971), *aff'd,* 446 Pa. 319, 284 A.2d 686 (1971)). The ultimate and controlling issue that was before the Board in the first proceeding initiated by Mr. Rudolph, was whether Mr. Rudolph met the requirements for a variance from the dwelling unit restriction found in the Township's 1977 zoning ordi-

---

to accommodate two single family residences "in late 1971, or in early 1972[,]" when the Township's 1965 zoning ordinance was in effect. Hence, if the property in question is to be deemed a valid nonconforming use, more than one single family residence per commercial lot would have to have been authorized under the Township's 1965 zoning ordinance.

nance. The ultimate and controlling issue that was before the Board in Mr. Rudolph's appeal from the zoning officer's determination was whether the property in question was a valid nonconforming use. Since there clearly was not an identity of issues in the two proceedings, the doctrine of *res judicata* was not applicable. Although the Board did mention in its first decision that it felt the Township's 1965 zoning ordinance limited single family residences to one per lot in commercial districts, this statement was dicta and obviously did not amount to a determination of the nonconforming use issue, an issue which would have required an examination into the question of when the building had first been used for two single family residences.

The Township next alleges that the court of common pleas erred as a matter of law by concluding that Mr. Rudolph was authorized under the terms of the Township's 1965 zoning ordinance to rent an additional apartment in his building because he also owned a vacant lot in the district. We agree.

The general rules of statutory construction, codified with respect to statutes in the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §§1501-1991, are applicable to statutes and ordinances alike. *Diehl v. City of McKeesport*, 60 Pa. Commonwealth Ct. 561, 432 A.2d 288 (1981). Under these rules, when the words of statute or ordinance are clear and free from all ambiguity, a court may not disregard the letter of the statute or ordinance under the pretext of pursuing its spirit. *Hyser v. Allegheny County*, 61 Pa. Commonwealth Ct. 169, 434 A.2d 1308 (1981).

Here, the Township's 1965 zoning ordinance clearly and unambiguously limited buildings located in C-1 General Commercial Districts to "one single family residence per lot on the top floor over a commercial establishment." We believe this provision, along with

34

the complete absence of any provision for the accumulation of rights clearly limited lots in commercial districts to one single family residence. Moreover, even if we were to view this provision as being ambiguous, a court, in ascertaining the intent of an ordinance's drafters, should not presume that they intended a result that is absurd, impossible of execution or unreasonable. *See* Section 1922(1) of the Act, 1 Pa. C. S. §1922(1). Here, if we were to accept the court of common pleas' interpretation of the ordinance, the logical result would be that an individual, who had simply purchased vacant lots, would have had the right to put several single family residences on one commercial lot while the Township's 1965 zoning ordinance was in effect. This would have then been subject to divestiture if the vacant lots were sold or occupied. Such an unreasonable result could not have been intended by the ordinance's drafters.

We shall accordingly reverse.

### ORDER

Now, January 26, 1984, the order of the Court of Common Pleas of Centre County at No. 1980-2805, dated August 10, 1982, is reversed.