621 A.2d 1136

Mary C. GALLAGHER, Appellant,

v.

CENTRAL BUCKS SCHOOL DISTRICT, Appellee.

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Feb. 11, 1993.

452

Marc F. Ullom, for appellant.

Thomas F.J. MacAniff, for appellee.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

Mary C. Gallagher (Mrs. Gallagher) appeals from the December 11, 1991 order of the Court of Common Pleas of Bucks County granting the motion for summary judgment filed by the Central Bucks School District (District) and denying her cross-motion for summary judgment.

The undisputed facts are as follows: Mrs. Gallagher's husband, James M. Gallagher, was employed by the District from September, 1962, until his death on February 12, 1990. His last day of work was January 10, 1990, when he became ill. At the time of his death, he had accrued 224.5 days of unused sick leave. Mrs. Gallagher, as executrix of her husband's estate, asked the District to pay the estate the value of her

husband's accrued but unused sick leave. The District refused, and this action resulted.

Mrs. Gallagher presents one issue for this Court's review: When a professional/administrative employee of a school district becomes disabled during his term of employment, from an illness which later takes his life, is he 'prevented by illness or accidental injury from following his ... occupation', and therefore entitled to be paid for 'each day of absence' the full salary to which he is otherwise entitled under 24 P.S. Section 11–1154 and the local policies of the School District, to include his accrued and unused sick leave as of the date of death?

"In reviewing the trial court's granting of summary judgment, this Court is limited to determining whether or not the trial court committed an error of law or abused its discretion." *Jones v. Cheltenham Township,* 117 Pa.Commonwealth Ct. 440, 442, 543 A.2d 1258, 1259 (1988).

The statute at issue in this matter is Section 1154(a) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1154(a), which provides, in pertinent part:

In any school year whenever a professional or temporary professional employe is prevented by illness or accidental injury from following his or her occupation, the school district shall pay to said employe for each day of absence the full salary to which the employe may be entitled as if said employe were actually engaged in the performance of duty for a period of ten days. Any such unused leave shall be cumulative from year to year in the school district of current employment or its predecessors without limitation. All or any part of such accumulated unused leave may be taken with full pay in any one or more school years.

Also at issue is Section 302 of the District's sick leave policy, which parallels Section 1154(a) of the Code.

Mrs. Gallagher argues that the plain language of Section 1154(a) of the Code does not prevent her husband's estate from being paid all of his accumulated, unused sick leave.

According to Mrs. Gallagher, when one is removed from active service by illness, one is entitled to be paid for one's sick leave regardless of whether one ever returns to active service. She argues that the fact that her husband died is inconsequential, because the critical fact is that he was removed from active service by illness. His death, according to Mrs. Gallagher, was a natural consequence of that illness and should not affect his estate's right to be paid for all of his accumulated, unused sick leave.

We agree with Mrs. Gallagher that the plain language of Section 1154(a) of the Code controls our decision in this matter. As we are directed by 1 Pa.C.S. § 1921(b), "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." The plain language of Section 1154(a) of the Code provides for sick leave and for the accumulation of unused sick leave from year to year. It does not provide for the payment of one's accumulated, unused sick leave upon one's death. The Honorable Kenneth G. Biehn of the Court of Common Pleas of Bucks County astutely noted the following in his opinion in this matter:

> Death is not an illness; it is the cessation of life. *Black's Law Dictionary* 360 (5th ed. 1979). The state of illness also ceases when death occurs. Death ends disease and life. Section 11–1154 of the Public School Code only provides for sick pay during the time the employee is prevented *by illness* from working.

Accordingly, the December 11, 1991 order of the Court of Common Pleas of Bucks County is affirmed.

### ORDER

AND NOW, this 11th day of February, 1993, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

FRIEDMAN, Judge, concurring.

I agree with the result reached by the majority; however, I feel compelled to write separately to express my discomfort at

the seemingly cavalier treatment afforded to this serious issue by the trial court. I believe that Gallagher presented a novel, thought provoking, and intelligently argued position, and that this argument, as well as the party on whose behalf it was offered, deserved better than the cursory treatment which they received.

The observation that death is a cessation of life may be obvious but it is hardly astute, and a dictionary definition does not necessarily resolve legal questions. Death does not interrupt the receipt of all entitlements. On the contrary, the recognition that some rights may transcend even death fits within the concepts of existing law. Indeed, I find Gallagher's argument extremely persuasive; that a teacher, forced by a terminal illness to leave his profession, should expect to collect his accumulated sick leave. Therefore, unlike the trial court, I do not view this as a frivolous or nonsensical argument which we can easily cast aside.

The 224.5 days of unused sick leave which Mr. Gallagher had accrued at the time of his death represented more than 20 years of continuous service to the school district before illness ended his life. Under section 1154(a) of the Code, 24 P.S. § 11–1154(a), a school district must pay such accumulated sick leave benefits to employees for each day that illness prevents them from following their occupation. Because Gallagher's death was a consequence of illness, it is not illogical to argue that this provision entitled him to all of his accumulated sick leave benefits.

However, I believe the purpose of Code section 1154 payments is narrowly circumscribed; sick leave is not an earned benefit to be paid under any and all circumstances; rather, it is an accrued entitlement based on service which creates a "bank" from which professional school employees can draw *as required.*[1] As such, it is intended to encourage continued

---

1. Gallagher argues that where, as here, accumulation of sick leave is unlimited, surviving even when a school district employee transfers between school districts, there is no justification for discontinuing sick leave benefits because of death. However, the unlimited nature of sick leave is confined to the accumulation of "sick days" as a safeguard against future illness and has no bearing on the payment of sick leave

service by sustaining the employee during times of illness, providing a continuity of livelihood while the employee recovers, until he can resume his occupation.[2] However, under the Code, that resource is not available for the family of a deceased employee as a cushion against the permanent loss of the employee's paycheck, even when that loss is the direct result of the employee's illness.

I also note that this Code section does not ignore death but deals with it very specifically, addressing it only as it affects the *temporary interruption* of an employee's service. In sections 1154(b) and (c) of the Code, 24 P.S. §§ 11–1154(b) and (c), the statute provides that an employee will suffer no loss of salary for an absence, not to exceed three days, due to the death of an immediate family member or, in the case of a near relative, an absence from duty on the day of the funeral.

These provisions underscore my belief that the key purpose of Code section 1154 simply is to deter employee absenteeism and foster continued service and uninterrupted instruction by current District employees, *Midvalley School District v. Department of Education*, 16 Pa.Commonwealth Ct. 314, 328 A.2d 577 (1974), not to provide aid to families that have lost a breadwinner, as Gallagher suggests. If I felt otherwise, I would agree that Gallagher was entitled to all accumulated sick leave benefits despite his death.

Accordingly, my agreement with the majority's result here is not based on dictionary distinctions between illness, death and life but on my interpretation of the statute at issue and the purpose for which that provision was designed.

benefits, which is restricted solely to an employee's periods of illness. As it states in section 302 of the District's sick leave policy, "unused sick leave allowance shall *accumulate* from year to year *without limitation* and may be *used as required.*" (emphasis added).

2. Obviously, there are times when employees suffer an illness or sustain an injury from which they do not recover sufficiently to return to work and, in such cases, the employees can still collect their accumulated sick leave benefits. By characterizing death as the ultimate sickness from which recovery is impossible, Gallagher attempts to analogize death to this type of continuing illness. However, based on my interpretation of the statute, I cannot agree with this comparison.