650 A.2d 1224

**COMMONWEALTH of Pennsylvania**

v.

**Robert W. GEIGLEY, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 7, 1994.

Decided Nov. 23, 1994.

Petition for Allowance of Appeal Denied May 15, 1995.

532

Robert W. Geigley, pro se.

Bernard A. Yannetti, Jr., Asst. Dist. Atty., for appellee.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Robert W. Geigley (Geigley), *pro se*, appeals from the judgment of sentence of the Court of Common Pleas of Adams

County which imposed fines of $15.00 and costs for two parking violation convictions.

The facts were stipulated and are as follows. Geigley, who has a handicapped license, parked his automobile on Mummasburg, the street in front of his house on September 27 and September 29, 1993. The vehicle was parked three (3) hours and fourteen (14) minutes on the first occasion and three (3) hours and 55 minutes on the second occasion.

Based upon the stipulated facts, and after a hearing held February 22, 1994, the trial court found Geigley guilty of violating the Borough of Gettysburg (Borough) Ordinance, Chapter 15, Section 10(4), regarding residential parking limits, and violations for being in excess of those limits. Specifically, this Section of the Ordinance requires a residential permit [1] for parking a vehicle in excess of two hours in a residential area. Geigley has a handicapped license but did not have a residential permit.

Geigley now appeals the order of the trial court and argues that a handicapped person is immune from the parking regulations of a municipality because of his disability and is additionally entitled to a one-hour grace period before being issued a citation for a parking violation.[2]

Geigley maintains that the Borough is required to designate a reserved spot for his residential parking convenience pursuant to Section 3354(d)(2) of the Vehicle Code (Code), 75 Pa.C.S. § 3354(d)(2). This section provides, in pertinent part:

"(2) At the request of any handicapped person or severely disabled veteran, local authorities may erect on the highway as close as possible to their place of residence a sign or signs indicating that that place is reserved for the handi-

---

**1.** The Ordinance authorizes 24 hour parking for holders of residential parking permits. Non-holders of permits are entitled to park in designated areas for two (2) hours.

**2.** Geigley also raises several issues regarding conflict of laws, constitutionality of the Ordinance, legal subversion of disabled and handicapped licensees, and federal statutory interpretation which were not preserved and which will not be addressed herein. *See Siano v. Workmen's Compensation Appeal Board (Dileo's Restaurant, Inc.),* 137 Pa.Commonwealth Ct. 487, 586 A.2d 1008 (1991).

capped person ... that no parking is allowed there by others, and that any unauthorized person parking there shall be subject to a fine."

We have previously determined that the general rules of statutory construction are applicable to both statutes and ordinances. *Diehl v. City of McKeesport,* 60 Pa.Commonwealth Ct. 561, 432 A.2d 288 (1981). Clear meaning must be given to the words in the statute or ordinance. *Hyser v. Allegheny County,* 61 Pa.Commonwealth Ct. 169, 434 A.2d 1308 (1981). When words of a statute or ordinance are clear and free from ambiguity, a court may not disregard the letter of the statute or ordinance under the pretext of pursuing its spirit. *Rudolph v. Zoning Hearing Board of College Township,* 80 Pa.Commonwealth Ct. 28, 470 A.2d 1104 (1984).

Herein, the Code provision indicates that a Borough "may" erect a sign for the benefit of the disabled. The term "may" in statutory provisions indicates that the action is discretionary. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sadvary),* 524 Pa. 235, 570 A.2d 84 (1990); *Commonwealth v. Ferguson,* 381 Pa.Superior Ct. 23, 552 A.2d 1075 (1988). From our interpretation of the provision in question, the Borough is neither compelled nor mandated to reserve a handicapped parking space for individuals with a handicapped license in the residential area in which they live.

We turn now to Geigley's second assertion. Geigley maintains that the Borough Ordinance authorized parking for 24 hours and additionally, that the Code authorizes a handicapped person to park 60 minutes in excess of "the legal parking period permitted by local authorities" thus, he was authorized to park for 25 hours without restriction. While we agree that the Code authorizes a handicapped person to park an additional hour beyond the legal parking period, here the parking restriction was two hours in the residential area in which Geigley was issued a citation. The stipulated facts indicate he was parked for over three hours on both occasions. Therefore, even with the additional hour afforded him under

the Code, Geigley was properly issued a citation for both the September 27 and September 29, 1993 violations.

Accordingly, on the basis of the foregoing, the order of the trial court will be affirmed.

## ORDER

AND NOW, this 23rd day of November, 1994, the order of the Court of Common Pleas of Adams County is affirmed.