**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Commonwealth of Pennsylvania  :
:
v.  :  No. 755 C.D. 2016
:  Submitted: July 7, 2017
Robert G. Ernest,  :
Appellant  :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**  **FILED: November 17, 2017**


Appellant Robert G. Ernest (Ernest) appeals, *pro se*, from an order of the Court of Common Pleas of the 26th Judicial District, Montour County Branch (trial court), dated April 11, 2016. The trial court affirmed the decision of the Magisterial District Judge, which found Ernest liable for a parking citation (ticket) and assessed fines and penalties totaling $93.50. We affirm the trial court.

In response to an increase in commuters parking in its residential areas, Danville Borough (Borough) enacted Ordinance No. 523, amending Chapter 237 of the code of the Borough of Danville (Borough Code). Ordinance No. 523 added Section 237-30 of the Borough Code, which provides, in pertinent part:

> § 237-30. Residential District Permit Parking [Added 11-12-2014 by Ord. No. 523]
>
> A. Purpose and Intent. The Borough finds that:
>
> (1) Certain residential areas in the Borough of Danville are subjected to commuter vehicle parking, therefore

> depriving the residents of those areas of spaces in which to park their own vehicles.
>
> . . .
>
> B. Permits Required. *It shall be unlawful for any person to park a motor vehicle or trailer or any other type of motor vehicle without a proper, valid parking permit placard* displayed thereon between the hours specified below, during the hours specified below.

(Emphasis added.) Section 237-30 also listed the residential areas that required the residential parking permit placard, including the portion of Vine Street where Ernest resides. The Borough posted signs in the applicable residential areas that reflected the requirement for a residential parking permit placard.

In the initial months following the enactment of Section 237-30(B) in November 2014, Danville police rescinded many of the tickets issued for violation of Section 237-30(B) in order to allow the residents to grow accustomed to the ordinance. Danville police stopped the practice of rescinding parking tickets in May and June of 2015, with the exception of non-residents who were unfamiliar with the ordinance. On June 16, 2015, Danville police issued a citation to Ernest for parking without a placard in a residential area that required a residential parking permit placard. At the time of the ticket, Ernest displayed a handicapped placard on his vehicle, but he did not display the residential parking permit placard required by Section 237-30(B). In a conversation with Danville Chief of Police Eric Gill (Chief Gill), Ernest told Chief Gill that he would not display a placard in his car "no matter what." (Trial Ct. Op. at 3.)

Ernest issued subpoenas on all eight of the members of the Borough's City Council and the Borough mayor. On August 19, 2015, the trial court granted the Borough's motion to quash the subpoenas. The trial court explained that Ernest

2

"did not offer any justification for subpoenaing any of the . . . witnesses at issue." (Reproduced Record (R.R.) at 40a.)

On August 24, 2015, the Magisterial District Judge found Ernest guilty of violating Section 237-30(B) of the Borough Code. The trial court held a *de novo* hearing on April 11, 2016. In addition to the facts described above, Chief Gill testified that he denied Ernest's request for a reserved handicapped parking space on Ernest's street because Ernest had two off-street parking spots on his property. Borough Secretary Shannon Berkey also testified that she provided Ernest with paperwork related to the ordinance but did not possess the additional records that Ernest had requested from her, such as information on other residents that received tickets for violations of Section 237-30(B), but whose tickets the Borough rescinded.

The trial court affirmed the summary conviction at the end of the hearing. Thereafter, in accordance with Pennsylvania Rule of Appellate Procedure 1925(a),[1] the trial court issued an opinion explaining its ruling. The trial court explained that, pursuant to *Commonwealth v. Geigley*, 650 A.2d 1224 (Pa. Cmwlth. 1994), *appeal denied*, 659 A.2d 557 (Pa. 1995), Ernest's handicapped parking placard did not exempt him from the requirement for a residential parking permit placard.

On appeal, Ernest's primary argument is that by displaying his handicapped parking placard, he was exempt from the requirement in

---

[1] Pa. R.A.P 1925(a) provides, in pertinent part:

Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

3

Section 237-30(B) of the Borough Code to display a residential parking permit placard. In addition to contesting the summary conviction by way of his handicapped parking placard, Ernest makes the following claims: the Borough violated his rights to due process and equal protection under the United States and Pennsylvania Constitutions; the Borough violated his constitutional rights by arbitrarily and capriciously enforcing Section 237-30(B) of the Borough Code; the Borough violated the Americans with Disabilities Act (ADA)[2] and Fair Housing Act (FHA)[3] by failing to provide him with his own on-street handicapped parking space; the Borough failed to provide him with additional evidence, in violation of the Fourteenth Amendment and *Brady v. Maryland*, 373 U.S. 83 (1963); the trial court erred by failing to allow Ernest's subpoena requests; and the Borough violated the Fifth Amendment of the United States Constitution by tracking his movements in between 7:00 a.m. and 7:00 p.m.

In reviewing a summary conviction, where the trial court has taken additional evidence in *de novo* review, our standard of review is limited to considering whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1255 n.2 (Pa. Cmwlth. 2002). In *Spontarelli*, we noted that "[i]n summary offense cases, the Commonwealth is required to establish" guilt beyond a reasonable doubt. *Id.* at 1258. In reviewing a conviction, therefore, this Court views all of the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Id.* The test of sufficiency of the evidence is whether the trial court, as trier of fact, could have found that each element of the offenses charged

---

[2] 42 U.S.C. §§ 12101-12213.

[3] 42 U.S.C. §§ 3601-3631.

4

was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. *Id.*

Here, we cannot say that there was insufficient evidence for the summary conviction. Notably, Ernest acknowledges the he received the residential parking permit placard. He simply refused to display it. He informed Chief Gill that he would not display the placard "no matter what." It appears that Ernest was merely frustrated that his handicapped parking placard was insufficient under the ordinance to park on the street without receiving a ticket. Such refusal to comply with Section 237-30(B) of the Borough Code does not provide a sufficient basis to overturn a summary conviction on appeal. Moreover, we agree with the trial court that this Court already addressed Ernest's primary argument in *Geigley*. There, a residential parking restriction required residents that were parked in the residential area for more than two hours to have a residential parking permit placard. *Geigley*, 650 A.2d at 1224. We rejected the argument that the local government was either required to provide a handicapped parking space or permit the handicapped resident to park in the area for more than two hours without a residential parking permit placard when a resident possessed a handicapped placard. *Id.* at 1225. *Geigley* is directly applicable and binding, and it requires us to reject Ernest's argument that his handicapped placard immunized him from compliance with Section 237-30(B).

We are unable to discern any coherent argument on Ernest's remaining claims. Ernest's sixteen-page Argument section does not include properly developed legal arguments; rather, it is little more than a rambling narrative. While we are generally inclined to construe *pro se* filings liberally, "any lay person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing." *Daly v. Unemployment*

5

*Comp. Bd. of Review*, 631 A.2d 720, 722 (Pa. Cmwlth. 1993). Ernest's brief simply does not provide the requisite clarity that would enable this Court to proceed with a review of these claims. Accordingly, we view them as waived.[4] *See City of Philadelphia v. Berman*, 863 A.2d 156, 161 (Pa. Cmwlth. 2004) (holding that party's failure to develop issue in argument section constitutes waiver of issue).

The order of the trial court, therefore, is affirmed.

P. KEVIN BROBSON, Judge

---

[4] Moreover, we reiterate that Ernest does not contend that he is somehow unable to park due to lack of available spaces or prohibited from parking on the street near his residence as a result of Section 237-30 of the Borough Code. In fact, he was parked there on the day he received the subject ticket. Instead, he appears to object to being required to display a residential parking permit placard. It is unclear to the Court how being required to display the placard or the Borough's enforcement of Section 237-30(B) of the Borough Code violates the ADA, FHA, or the United States Constitution. Ernest's complaints about the Borough's refusal to provide him with an on-street handicapped parking space is outside the scope of a challenge to a parking ticket.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Commonwealth of Pennsylvania :
:
v. : No. 755 C.D. 2016
:
Robert G. Ernest, :
Appellant :

# **O R D E R**

AND NOW, this 17th day of November, 2017, the order of the Court of Common Pleas of the 26th Judicial District, Montour County Branch is AFFIRMED.

 

 

P. KEVIN BROBSON, Judge